Oestrick v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-95-00441-CR






David Brian Oestrick, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0951807, HONORABLE BOB PERKINS, JUDGE PRESIDING







 The opinion filed herein on December 5, 1996 is withdrawn, and the following is
issued in lieu thereof.

 A jury found appellant David Brian Oestrick guilty of aggravated kidnapping,
aggravated sexual assault, and aggravated assault. See Tex. Penal Code Ann. §§ 20.04, 22.02
& 22.021 (West 1994 & Supp. 1997). (1) The jury assessed punishment at thirty years'
imprisonment on the kidnapping charge, thirty-five years on the sexual assault charge, and fifteen
years on the aggravated assault charge, the sentences to run concurrently. Appellant brings six
points of error complaining of the district court's failure to conduct a hearing on his motion for
new trial, challenging the effectiveness of counsel, and alleging fundamental error. We will
affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 Appellant and Sarah Jane Adams (2) were high school students who had been dating
for over a year. On October 12, 1994, two weeks after they ended their relationship, appellant
followed Adams and her friend Dustin Pulatie as they left school and drove to another friend's
home. En route they realized they were being followed. Once they arrived, Adams got out of
Pulatie's truck and went inside as appellant screamed at her, "Come here, you bitch. I want to
talk to you." Pulatie then got out of his truck as appellant yelled, "Come here, you little mark. 
I want to talk to you." Pulatie began to walk toward the house, but, fearing appellant, picked up
a baseball bat from his truck. (3) Pulatie told appellant to go home, but appellant got his .22 rifle
and shot at Pulatie's feet, kicking up gravel that grazed his face. Then, as Pulatie was attempting
to enter the house, appellant shot at him again, the bullet scraping his hand. 

 Appellant then ran to the back of the house and yelled at Adams to come out or he
"was going to kill [her] friends." Adams reluctantly went outside, where appellant pinned her arm
behind her back, pushed her into his truck, and drove away. Telling her, "I want to f--- you one
last time," appellant drove Adams to a secluded place and sexually assaulted her after threatening
her with a knife. Afterwards, appellant drove Adams toward his grandmother's house. 
Meanwhile, Adams's friends had called the police.

 Highway Patrolman Julio Santos spotted appellant on the road and pursued him to
his grandmother's home. Once there, appellant stopped his truck in front of the garage of the
house. Trooper Santos left his vehicle, drew his pistol, and told the appellant to get out of the
truck with his hands in the air. As appellant got out of his truck, however, he retrieved his rifle,
placed the muzzle under his chin in an apparent suicide threat, and backed into his grandmother's
garage, leaving Adams sitting in the truck. Santos yelled for Adams to get out of the truck. She
then ran from the pickup to a Travis County Sheriff's deputy who had arrived at the scene.

 Eventually more officers arrived and surrounded appellant's grandmother's house. 
After two hours, the officers entered the house only to find that appellant had escaped. Two days
later, appellant surrendered at the Sheriff's office.

 A jury convicted appellant of aggravated kidnapping, aggravated sexual assault, and
aggravated assault. Appellant filed a timely motion for new trial, which contained a request for
a hearing based on newly discovered evidence. No hearing was held, and appellant's motion was
overruled by operation of law. See Tex. R. App. P. 31(e)(3). Appellant perfected this appeal.



DISCUSSION


Hearing on Motion for New Trial


 In his first point of error, appellant contends the district court erred by failing to
conduct a hearing on his motion for new trial. In order to preserve a complaint for appellate review,
the complaining party must have obtained a ruling on any request, motion, or objection. See Tex.
R. App. P. 52(a). There is no indication in this record that the district court ever refused to conduct
a hearing on appellant's motion for new trial. Indeed, there is no indication that appellant ever
attempted to schedule such a hearing or specifically brought to the trial court's attention his desire
for one. Although appellant's motion for new trial contained a request for a hearing in the prayer
for relief, surely the responsibility for obtaining a setting for such a hearing falls on the party seeking
it, not on the trial judge. Where a motion for new trial is overruled by operation of law, the trial
court's failure to conduct a hearing, without more, is simply a "failure to rule" on the request for a
hearing. In short, the record in the present case contains no evidence that the trial court either
explicitly or implicitly (4) ruled on appellant's request for a hearing.

 In his motion for rehearing following our original opinion, appellant cites Vera v.
State, 868 S.W.2d 433 (Tex. App.--San Antonio 1994, no pet.), as support for the proposition that
"when a timely presented motion for new trial requiring a hearing has been overruled by operation
of law, then the trial court has necessarily rejected the request for a hearing." Vera is distinguishable
from the present case and does not support the stated proposition. First, the statement of facts in
Vera reflected not only that defense counsel properly presented the motion for new trial to the trial
court, but also that counsel expressly brought to the court's attention his request for a hearing on the
motion. Second, and perhaps more important, the trial court in Vera orally denied the motion for
new trial immediately following counsel's expression of his desire to have a hearing, and
subsequently signed a written order denying the motion. Thus, the trial court in Vera clearly
intended to deny not only the motion for new trial but also the request for a hearing. Cf. Martinez
v. State, 846 S.W.2d 345, 346 (Tex. App.--Corpus Christi 1992, pet. ref'd) (signing of written order
overruling motion for new trial that contained request for hearing held sufficient to preserve
complaint as to trial court's failure to conduct hearing on motion). We conclude, therefore, that
under the circumstances of the present case, Vera is not controlling.

 Having failed to obtain a ruling on his request for a hearing--or at least a written
order overruling his motion for new trial--and having failed to object to the lack of a ruling,
appellant has not preserved this complaint for appellate review. (5)

 Even if appellant's complaint about the trial court's failure to conduct a hearing was
preserved, however, and even if appellant's motion for new trial was properly "presented," we
would still hold the court did not abuse its discretion in failing to hold a hearing. Attached to
appellant's motion for new trial was an affidavit from Adams in which she recanted her trial
testimony and stated that she willingly had sex with appellant on the occasion in question. Four
days after appellant's motion was filed, the State filed a "controverting motion," to which was
attached another affidavit from Adams in which she recanted her recantation:


 The statement that I gave to [appellant's counsel] is a lie. I thought that by
signing it I would help [appellant] get his sentence reduced. I feel very badly
about the pain that [appellant's] family is going through as a result of his
conviction. I felt a lot of pressure from them to do something to help [appellant].


 The testimony that I gave at trial is the truth.


Thus, any decision on whether to conduct a hearing on appellant's motion for new trial would
have been made on the basis of Adams's two affidavits and the trial record, including Adams's
trial testimony.

 We will not reverse a trial court's decision not to conduct a hearing on the
defendant's motion for new trial unless it is shown that the court abused its discretion. See Reyes
v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). In order to be entitled to a hearing on
a motion for new trial, the motion must be accompanied by one or more affidavits that: (1) raise
matters that are not determinable from the record; and (2) show that reasonable grounds exist for
granting the defendant a new trial. See Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App.
1994); Reyes, 849 S.W.2d at 816. Thus, where a motion for new trial relies on newly discovered
evidence, if the evidence presented by affidavit would not entitle the defendant to a new trial, the
trial court does not abuse its discretion in denying a hearing on the motion. Myers v. State, 527
S.W.2d 307, 309 (Tex. Crim. App. 1975); Burns v. State, 844 S.W.2d 934, 935-36 (Tex.
App.--Amarillo 1992, no pet.).

 In order to be entitled to a new trial on the basis of newly discovered evidence, the
movant must show: (1) the newly discovered evidence was unknown to the movant at the time of
trial; (2) the movant's failure to discover the evidence was not due to his want of diligence; (3)
the materiality of the evidence is such as would probably bring about a different result in another
trial; and (4) the evidence is admissible, and not merely cumulative, corroborative, collateral, or
impeaching. Moore v. State, 882 S.W.2d 844, 849 (Tex. Crim. App. 1994), cert. denied, 115
S.Ct. 909 (1995); Drew v. State, 743 S.W.2d 207, 226 (Tex. Crim. App. 1987). As part of the
third requirement, the new evidence must, in order to possess the requisite materiality, be shown
to be "probably true." See Boyett v. State, 692 S.W.2d 512, 516-17 (Tex. Crim. App. 1985);
Blackmon v. State, 926 S.W.2d 399, 403 (Tex. App.--Waco 1996, pet. ref'd); Elledge v. State,
890 S.W.2d 843, 846 (Tex. App.--Austin 1994, pet. ref'd). The "probably true" requirement
simply means the trial court must determine that "the whole record presents no good cause to
doubt the credibility of the witness whose testimony constitutes new evidence, 'either by reason
of the facts proven at the trial or by the controverting affidavits on the motion, or otherwise.'"
Jones v. State, 711 S.W.2d 35, 37 n.4 (Tex. Crim. App. 1986); see also Ashcraft v. State, 918
S.W.2d 648, 653 (Tex. App.--Waco 1996, pet. ref'd).

 In the present case, the flip-flopping of Adams's story, culminating in her most
recent affidavit in which she termed her earlier affidavit "a lie" and reaffirmed the truth of her
trial testimony, severely undermines the credibility of the affidavit on which appellant relies as
being "newly discovered evidence." This distinguishes the instant case from Autry v. State, 718
S.W.2d 898 (Tex. App.--Corpus Christi 1986, pet. ref'd), where there was no "relationship or
suspicious circumstance present to cast doubt on the credibility of [the recanting witness's]
affidavit." Id. at 903. The trial court here would have been well within its discretion in
determining that the affidavit attached to appellant's motion for new trial was not "probably true"
and, therefore, did not show "reasonable grounds" for granting appellant a new trial. 
Accordingly, we conclude the trial court's failure to conduct a hearing on appellant's motion for
new trial was not an abuse of discretion. We overrule point of error one.


Ineffective Assistance of Counsel


(i) Guilt-Innocence Phase


 Appellant argues he was denied effective assistance of counsel at the guilt-innocence phase of the trial. In Strickland v. Washington, 466 U.S. 668 (1984), the United States
Supreme Court held that, to show ineffective assistance of counsel, a convicted defendant must
show that counsel's performance was deficient, i.e., that counsel's performance fell below a
minimum objective level of reasonableness. The defendant must also show prejudice; i.e., that
but for counsel's unprofessional errors, the result of the proceeding would have been different. 
Id. at 686. Unless a defendant makes both showings, it cannot be said that the conviction resulted
from a breakdown in the adversary process that renders the result unreliable. Id. at 687. Texas
adopted the Strickland test in Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). See
O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.Austin 1992, no pet.).

 In determining whether counsel's trial performance was deficient, judicial scrutiny
must be highly deferential. A reviewing court must indulge a strong presumption that counsel's
conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S.
at 689. An ineffectiveness-of-counsel claim cannot be demonstrated by isolating one portion of
counsel's representation, but instead must be judged on the totality of the representation. 
Strickland, 466 U.S. at 670; McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992),
cert. denied, 510 U.S. , 114 S. Ct. 575 (1993).

 In his fourth point of error, appellant contends he was denied effective assistance
of counsel when his trial counsel admitted his belief that appellant had used a knife during the
commission of the sexual assault. Specifically, while cross-examining Adams, appellant's trial
counsel indicated his personal belief that appellant had used the knife, stating: "I don't think that
there's any issue in my mind I believe that when you tell me that Brian threatened you with a
knife. I believe that."

 Regardless of whether appellant's trial counsel was deficient, however, appellant
must, under the second factor of Strickland, show that the result of the proceeding would have
been different but for trial counsel's error. In making the determination of prejudice, we must
consider the totality of evidence before the jury and see if the decision reached would have been
different absent the error. See Strickland, 466 U.S. at 696; Shaw v. State, 874 S.W.2d 115, 119
(Tex. App.Austin 1994, pet. ref'd).

 The prosecution introduced ample evidence from which the jury could conclude,
without regard to appellant's trial counsel's statement, that appellant used a knife and other
weapons during the offense. (6) Adams testified that appellant had a knife and punched her in the
stomach with it prior to the sexual assault. In addition, Adams testified that appellant put the
knife to her throat. And although the knife was never recovered by the police, appellant admits
there is sufficient evidence to support the jury's decision. We do not believe there is a reasonable
probability under the Strickland standard that the result of the trial would have been different
without trial counsel's comment; accordingly, the alleged error is not sufficient to undermine
confidence in the outcome of the trial. Therefore, without addressing whether appellant has
satisfied the first prong of Strickland, we overrule point of error four.

 In his sixth point of error, appellant contends that he was acting in self-defense in
firing his rifle at Pulatie and that his trial counsel was ineffective for failing to request a self-defense instruction.

 In assessing the record, we are without evidence that might be adduced at a motion
for new trial or post-conviction habeas corpus hearing and can only speculate on why appellant's
trial counsel did not request a jury instruction on self-defense. See Vasquez v. State, 830 S.W.2d
948, 951 (Tex. Crim. App. 1992) (Benavides, J., dissenting). Due to the lack of evidence
concerning trial counsel's reasons for not requesting an instruction on self-defense, we are unable
to conclude that appellant's trial counsel's performance was deficient. See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). As previously discussed, in accordance with
Strickland, we must presume that appellant's counsel was better positioned than is this Court to
judge the pragmatism of the particular case, and that he made all significant decisions in the
exercise of reasonable professional judgment. See Delrio v. State, 840 S.W.2d 443, 447 (Tex.
Crim. App. 1992). The record in the instant case contains no evidence to rebut this presumption.

 In any event, we do not believe the evidence at trial was sufficient to entitle
appellant to an instruction on self-defense. A person is justified in using deadly force only: (1)
if he reasonably believes force is immediately necessary to protect himself against the other's use
or attempted use of unlawful force; (2) if a reasonable person in the actor's situation would not
have retreated; and (3) when and to the degree he reasonably believes the deadly force is
immediately necessary to protect himself against the other's use of unlawful deadly force. Tex.
Penal Code Ann. § 9.32 (West Supp. 1996). (7) Appellant had to produce some evidence on each
of these three elements in order to require the trial court to submit the instruction to the jury. See
Werner v. State, 711 S.W.2d 639, 644 (Tex. Crim. App. 1986).

 In the present case, there is no evidence to support a reasonable belief on
appellant's part that he was about to be attacked by Pulatie or anyone else. Pulatie testified to
picking up his baseball bat, but he never approached appellant. Pulatie also stated that he was
walking away from appellant's truck when appellant fired. While use of a baseball bat may, in
some circumstances, constitute the use of deadly force, see Holmes v. State, 830 S.W.2d 263, 265
(Tex. App.Texarkana 1992, no pet.), here Pulatie never used or attempted to use the baseball
bat in a way that could be the basis of a reasonable belief by appellant that his use of deadly force
was immediately necessary.

 Moreover, there is no evidence that a reasonable person in the appellant's position
would not have retreated. See Gonzales v. State, 775 S.W.2d 645, 646-48 (Tex. Crim. App.
1989). Therefore, having no evidence of a right to use deadly force in self-defense, appellant's
trial counsel was not ineffective for failing to seek the instruction. We overrule point of error six.



(ii) Punishment Phase


 Appellant also contends he was denied reasonably effective assistance of counsel
at the punishment stage of the trial. Unlike allegations of ineffective assistance of counsel at the
guilt-innocence stage, allegations at the punishment stage are governed by the "reasonably
effective assistance of counsel" standard. Ex parte Cruz, 739 S.W.2d 53, 58 (Tex. Crim. App.
1987). Reasonably effective assistance is to be determined from the totality of the representation
of the accused. Id. The constitutional right to effective assistance of counsel does not mean
errorless counsel or counsel whose competency is to be judged by hindsight. Id. Rather, a two-part test is used to determine ineffectiveness: (1) whether counsel was reasonably likely to render
effective assistance; and (2) whether counsel reasonably rendered effective assistance. Ex parte
Duffy, 607 S.W.2d 507, 514 n.14 (Tex. Crim. App. 1980); see also Craig v. State, 825 S.W.2d
128, 130 (Tex. Crim. App. 1992); Ex parte Walker, 794 S.W.2d 36, 37 (Tex. Crim. App. 1990).

 In his second point of error, appellant contends that his trial attorney rendered
ineffective assistance by failing to request a jury instruction as to whether appellant had
voluntarily released Adams in a safe place. At the time of appellant's trial, the Penal Code
provided that aggravated kidnapping was a first-degree felony unless the defendant had voluntarily
released the victim alive in a safe place, in which event the offense would be punishable as a
second-degree felony. See Penal Code, 73d Leg., R.S., ch. 900, sec. 1.01, § 20.04(c), 1993 Tex.
Gen. Laws 3586, 3615 (Tex. Penal Code § 20.04(c), since renumbered as § 20.04(d)). (8) 
However, the issue of whether an accused voluntarily released his victim alive in a safe place is
not submitted to the jury unless the record contains evidence that would support a finding that he
did. Williams v. State, 851 S.W.2d 282, 286 (Tex. Crim. App. 1993).

 Appellant argues that, because he did not use Adams as a shield when confronted
by police, but left her in the truck while he walked away holding a gun to his chin, he thus
voluntarily released her within the meaning of section 20.04(d). We disagree.

 The legislature did not define the term "voluntary" as it is used in the statute. 
Therefore, we must presume the legislature intended that it be given its ordinary meaning. 
Morrow v. State, 862 S.W.2d 612, 614 (Tex. Crim. App. 1993) (citing Vernon v. State, 841
S.W.2d 407 (Tex. Crim. App. 1992)). The ordinary meaning of voluntary includes: "acting of
oneself: not constrained, impelled, or influenced by another," Webster's Third New International
Dictionary 2564 (Philip B. Gove ed., 1986); "resulting from free choice, without compulsion or
solicitation," Black's Law Dictionary 1575 (6th ed. 1990).

 Using the ordinary meaning of the term, appellant's actions were not voluntary;
rather, they were induced by the police. Cf. Wiley v. State, 820 S.W.2d 401, 411 (Tex.
App.Beaumont 1991, no pet.). While driving to his grandmother's house after sexually
assaulting Adams, appellant was seen and pursued by law enforcement officers. Once blocked
in the driveway of his grandmother's house by a police car, and having a DPS trooper aiming a
gun at him, appellant left Adams in his truck and backed into the house with his rifle pointed at
his own chin. Appellant evaded the police and did not turn himself over to the sheriff until two
days later. The legislative intent of the voluntary release statute appears to be to give a kidnapper
incentive to release his victim unharmed. See Teer v. State, 895 S.W.2d 845, 849 (Tex.
App.Waco 1995, no pet.). Yet, the evidence shows that appellant's motivation in leaving Adams
in his truck was his own escape and not her safety. Moreover, he left Adams in the truck
unarmed and alone, with himself on one side and police on the other, all armed. Such a tense and
potentially volatile situation can hardly be said to be a "safe place" as a matter of law. Applying
section 20.04(d) in these circumstances would not further the apparent intent of the statute. We
conclude that appellant was not entitled to the instruction on voluntary release; thus his trial
counsel's failure to request it was not ineffective assistance of counsel. We overrule point of error
two. (9)

 In his fifth point of error, appellant claims he was denied effective assistance of
counsel at the punishment stage when his trial counsel failed to object to statements made by the
prosecutor during her rebuttal argument. We must first decide whether the prosecutor's
statements were objectionable, because an attorney's failure to object to proper argument cannot
be ineffective assistance. Cooper v. State, 707 S.W.2d 686, 689 (Tex. App.Houston [1st Dist.]
1986, pet. ref'd).

 During the punishment phase of trial, the State called Jennifer Ann Jones, a high
school student. She testified that in July 1994, appellant raped her at his grandmother's house. 
During argument, appellant's trial counsel argued that appellant's offenses were the result of
youthful indiscretions that appellant and Adams could not control at sixteen and seventeen years
of age. He stated that after appellant was arrested his parents tried to keep appellant away from
Adams, but she would not leave him alone and kept coming back to him. In response, the
prosecutor argued:

 

 It's time to stop thinking about the defendant and to start thinking about the
victims in this case. About Dustin, Kendra, Zach and Charlie. And their families. 
They were all victims. They were victims. They suffered through a very
traumatic, emotional experience because of the defendant . . . .


 . . . . 


 And last, but to the least [sic], there's Jennifer. He raped this 16-year-old
girl. He took away her innocence. Her memory of that first time will be being
pushed down on a bed in defendant's grandmother's bedroom and having a pillow
stuffed over her face. That will be her memory for the rest of her life because of
the defendant. Jennifer will be a victim forever because he's taken away
something from her that she'll never get back.


 Unlike a robbery, or a rape victim, I mean, unlike a robbery or a theft
victim, something happens to a rape victim. Different from any other kind of
victim. These girls that he raped get older, they will become women. They will
fall in love. They will want to get married. They'll find someone they want to get
close to. But something will hold them back. They will lack that ability to trust
because of the defendant, David Brian Oestrick.



Appellant contends his trial counsel should have objected to statements referring to Jones made
by the prosecutor during her jury argument because such comments encouraged the jury to punish
appellant for a collateral crime.

 Contrary to appellant's assertion, the State was not necessarily asking the jury to
punish him separately for a remote collateral crime. Rather, we believe appellant's trial counsel
(and the members of the jury) could reasonably have concluded that the State was only
summarizing and commenting on admissible evidence. (10) Simply commenting about the collateral
offense is not sufficient to warrant reversal. Lomas v. State, 707 S.W.2d 566, 568 (Tex. Crim.
App. 1986). In referring to Jones, the State's argument can be read as merely asking "the jury
to consider how these facts and circumstances serve as aggravating or mitigating factors in
determining the severity of the punishment to be assessed for the offense charged." Lomas, 707
S.W.2d at 568-69. We conclude that the prosecutor's argument was not objectionable and thus
appellant did not receive ineffective assistance of counsel. (11) In any event, even if the prosecutor's
argument was improper, we do not think that defense counsel's failure to object to it, viewed in
light of the totality of the representation, denied appellant the reasonably effective assistance of
counsel guaranteed by the U.S. Constitution. We overrule point of error five.



CONCLUSION


 Having overruled appellant's points of error, we affirm the judgment of conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: February 6, 1997

Publish

1.   Penal Code, 73d Leg., R.S., ch. 900, Sec. 1.01, § 20.04, 1993 Tex. Gen. Laws 3586, 3615
(Tex. Penal Code Ann. § 20.04) and Penal Code, 73d Leg., R.S., ch. 900, sec. 1.01, § 22.012,
1993 Tex. Gen. Laws 3586, 3620 (Tex. Penal Code Ann. § 22.012) are the statutes appellant was
prosecuted under, but since there have been no substantive changes we will cite to the current
code for convenience.
2.   "Sarah Jane Adams" is the pseudonym under which the complaining witness testified.
3.   Pulatie had the bat in his truck because he practiced baseball daily at school.
4.   See Rey v. State, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995).
5.   Even if appellant had preserved that complaint, however, it is questionable whether the
record contains sufficient proof that the motion for new trial itself was ever timely presented to
the trial court. See Tex. R. App. P. 31(c) (requiring that motion for new trial be "presented" to
the court within ten days of filing). The only evidence of presentment is a statement in appellant's
notice of appeal that the motion for new trial was presented to the court "through counsel." But
a self-serving statement by defense counsel, without more, has been held to be insufficient
evidence of presentment to the trial court. See Owens v. State, 832 S.W.2d 109, 111 (Tex.
App.Dallas 1992, no pet.) (holding that document styled "certification of presentment" and
signed by defense counsel is insufficient evidence of presentment). In light of our disposition of
point of error one, we need not address this issue.
6.   See Johnson v. State, 777 S.W.2d 421, 422-23 (Tex. Crim. App. 1989) (holding that
defendant does not have to display weapon during actual commission of sexual assault, but only
as part of criminal episode).
7.   The statute in effect at the time appellant committed the offense has since been amended. 
There being no substantive changes, we cite the current code for convenience. 
8.   We will cite the current code for convenience.
9.   In his third point of error, appellant argues that it was fundamental error for his trial counsel
not to request a jury instruction on voluntary release. Having concluded that there is no evidence
of a voluntary release within the meaning of section 20.04(d), the trial court clearly did not
commit fundamental error by not instructing the jury on the issue. See Williams v. State, 851
S.W.2d 282, 287-88 (Tex. Crim. App. 1993); Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1985). We overrule point of error three.
10.  Permissible jury argument falls within four general areas: (1) a summary of the evidence;
(2) a reasonable deduction from the evidence; (3) an answer to the opponent's argument; or (4)
a plea for law enforcement. Melton v. State, 713 S.W.2d 107, 114 (Tex. Crim. App. 1986).
11.  Although appellant's trial counsel did not mention Jennifer Jones by name in his closing
argument, he did attempt to defuse any issue of collateral crime by reminding the jury to make
the verdict "fit this crime, not some other crime."


7
S.W.2d at 568-69. We conclude that the prosecutor's argument was not objectionable and thus
appellant did not receive ineffective assistance of counsel. (11) In any event, even if the prosecutor's
argument was improper, we do not think that defense counsel's failure to object to it, viewed in
light of the totality of the representation, denied appellant the reasonably effective assistance of
counsel guaranteed by the U.S. Constitution. We overrule point of error five.



CONCLUSION


 Having overruled appellant's points of error, we affirm the judgment of conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: February 6, 1997

Publish

1.   Penal Code, 73d Leg., R.S., ch. 900, Sec. 1.01, § 20.04, 1993 Tex. Gen. Laws 3586, 3615
(Tex. Penal Code Ann. § 20.04) and Penal Code, 73d Leg., R.S., ch. 900, sec. 1.01, § 22.012,
1993 Tex. Gen. Laws 3586, 3620 (Tex. Penal Code Ann. § 22.012) are the statutes appellant was
prosecuted under, but since there have been no substantive changes we will cite to the current
code for convenience.
2.   "Sarah Jane Adams" is the pseudonym under which the complaining witness testified.
3.   Pulatie had the bat in his truck because he practiced baseball daily at school.
4.   See Rey v. State, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995).
5.   Even if appellant