TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00713-CR







Walter Bruce Garris, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT


NO. 5107, HONORABLE W. T. MCDONALD, JR., JUDGE PRESIDING







A jury found appellant guilty of three counts of arson, each involving a fire at his residence
in Caldwell, Burleson County. (1) Tex. Penal Code Ann. § 28.02(a)(2)(A) (West 1994). The district court
assessed punishment for each count at imprisonment for twenty years. Appellant brings forward six points
of error, all contending that his trial counsel was ineffective. We will overrule these points and affirm.

To prevail on a claim of ineffective assistance of counsel at the guilt stage, an appellant must
show that counsel made such serious errors that he was not functioning effectively as counsel and that these
errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. Strickland
v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986);
and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d
139, 143 (Tex. App.--Austin 1992, pet. ref'd). Counsel's performance must be judged in its totality,
rather than by isolating individual errors or omissions. Oestrick v. State, 939 S.W.2d 232, 237 (Tex.
App.--Austin 1997, pet. ref'd). We also must avoid the distortions of hindsight and evaluate counsel's
conduct from his perspective at the time of trial. Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim.
App. 1993). A defendant asserting an ineffective assistance claim must overcome a strong presumption
that counsel's conduct fell within the wide range of reasonable professional assistance. Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). This burden is made more difficult when, as in this cause,
no motion for new trial was filed and there is no record focused on the conduct of counsel. Id. at 772
(Baird, J., concurring).

Appellant first asserts that his attorney "conducted a cursory five page voir dire that failed
to mention or question the venirepersons regarding reasonable doubt, burden of proof, presumption of
innocence, or the elements of the charged offense." Voir dire examinations by defense counsel are
commonly shorter than the prosecutor's because the defense goes second. All of the subjects mentioned
by appellant were discussed by the prosecutor during her voir dire and defense counsel could reasonably
decide that it was unnecessary for him to repeat the process. Appellant further complains that his attorney
failed to object when the prosecutor improperly defined "reasonable doubt." The prosecutor's definition,
while an oversimplification, was not grossly erroneous and the jury was properly instructed on the meaning
of the term in the court's charge.

Next, appellant urges that his attorney did not properly investigate the case or present all
available evidence on his behalf. There is no evidence in the record concerning the extent of counsel's
investigation of this case nor any showing that evidence favorable to appellant was not presented at trial. 
Appellant relies on the fact that counsel subpoenaed witnesses after the jury had been selected and told
the court, "If they're subpoenaed and are here, I'll use them. If they don't get subpoenaed or if they don't
show up, I'll have to go without them." The record does not disclose the reason counsel delayed his
request for subpoenas. There is no evidence that a witness critical to appellant's defense did not appear. 
Contrary to appellant's contention, defense counsel appeared to be generally familiar with each defense
witness's testimony.

It was appellant's defensive theory that his wife, Pam Garris, was emotionally unstable and
that she, not he, set the fires. Before appellant's trial, Pam Garris pleaded guilty to arson and received a
seven-year probated sentence. She was called as a defense witness at appellant's trial and testified that
she set the fires without appellant's advance knowledge. During cross-examination by the State, she
admitted telling the prosecutor that appellant poured gasoline for or started each of the fires. Appellant's
third complaint with respect to the performance of his trial counsel is that he failed to object to the use of
Pam Garris's prior inconsistent statements or request a limiting instruction concerning them.

A witness's prior inconsistent statements may be used to impeach her trial testimony. Tex.
R. Crim. Evid. 612(a). While appellant may have been entitled to an instruction telling the jury not to
consider Pam Garris's out-of-court statements as substantive evidence, counsel's failure to request such
an instruction is not, in itself, sufficient to label trial counsel ineffective. Contrary to appellant's argument,
the evidence would not have been legally insufficient without Pam Garris's out-of-court statements. 
Appellant was present when each of the fires began and had previously expressed his intention to burn the
house rather than allow it to be seized for nonpayment of taxes. Pam Garris's testimony describing how
she started the fires was inconsistent with the State's expert testimony regarding the fires' origins. Even
if we were to agree that counsel's failure to request a limiting instruction regarding the impeachment
evidence constituted ineffectiveness, appellant has not shown that he was prejudiced to such a degree that
he was denied a fair trial.

Appellant also testified. In his final points of error, appellant contends his lawyer was
ineffective because he failed to object when the prosecutor impeached him with remote convictions (see
Tex. R. Crim. Evid. 609(b)), with a conviction for which appellant had successfully completed probation
(see Tex. R. Crim. Evid. 609(c)), and with unadjudicated offenses (see Tex. R. Crim. Evid. 608(b)). 
Assuming that each of these objections would have been sustained, appellant has not met his burden of
proving that counsel's failure to object constituted ineffectiveness. It was obviously the defensive strategy
to be, or appear to be, open and honest with the jury. With reference to appellant's criminal record,
defense counsel argued, "I think his character came out even later this afternoon when the able prosecutor
asked him, 'You've got a criminal problem in your past, don't you,' and he admitted it. He said, 'Yes, I
have some problems,' and he gave information on each one of them, and including one when he was quite
a young man . . . ." Counsel added, "[I]n my experience, . . . there are quite a few Texans that know a little
bit about the criminal system through themselves or their family members or friends, and they know that if
you fess up and say, yes, I did something when you did something and do your punishment, you'll normally
be accepted back . . . ." On this record, it is clear that counsel's failure to object to the prosecutor's
questions was a calculated trial strategy.

The district court prepared a separate judgment for each of the three counts. We overrule
appellant's six points of error and affirm the judgments of conviction.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: February 26, 1998

Do Not Publish
1. The cause was tried in Lee County on a change of venue.



 subpoenaed and are here, I'll use them. If they don't get subpoenaed or if they don't
show up, I'll have to go without them." The record does not disclo