TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00721-CR


NO. 03-96-00722-CR







Michael Rutland, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NOS. 0954982 & 0954794, HONORABLE FRED A. MOORE, JUDGE PRESIDING







 In each cause, a jury found appellant guilty of indecent sexual contact with a child younger
than seventeen years of age and assessed punishment at imprisonment for ten years and a $10,000 fine. 
Tex. Penal Code Ann. § 21.11(a)(1) (West 1994). On the jury's recommendation, imposition of these
sentences was suspended and appellant was placed on community supervision. In cause number 0954982
(our number 3-96-721-CR), the jury also found appellant guilty of sexually assaulting the child and
assessed punishment at imprisonment for two years. Tex. Penal Code Ann. § 22.011(a)(2)(A) (West
Supp. 1998). (1) This sentence was not probated. We will affirm the convictions.

 The complainants were appellant's sister-in-law, R.G., and her best friend, A.E. R.G.
testified that appellant began touching her vagina with his fingers when she was eleven years old. In July
1994, when she was fifteen years old, she spent the night with appellant and her sister, appellant's wife. 
After her sister went to bed, appellant served R.G. wine and urged her to drink it. The wine made R.G.
dizzy. Appellant carried R.G. to a bed, removed her shorts and underwear, and penetrated her vagina with
his penis. R.G. told her sister about this, but no one else. Appellant later apologized to R.G. and she
believed that "this was sort of all behind [her]." 

 In August 1995, R.G. and A.E., who were then sixteen years old, agreed to spend the night
at appellant's house. R.G.'s sister was away for the night and the girls were babysitting R.G.'s two
nephews. Appellant and his brother arrived at the house after the children were in bed. They brought food
and beer with them, and later made margaritas. R.G. and A.E. ate, and A.E. also drank beer and
margaritas. A.E. became intoxicated and went to bed. Appellant followed A.E. to the bedroom a few
minutes later. A short time after this, A.E. ran screaming from the bedroom, naked from the waist down. 
R.G. thought to herself, "[H]e did it again." 

 A.E. testified that she went to bed that night fully clothed. She awoke to find appellant on
top of her in the bed. All of her clothes except her shirt had been removed, and appellant also appeared
to be naked. A.E. felt appellant touch her vagina with his penis in an unsuccessful attempt to penetrate her. 

 Appellant's first point of error is that "the State introduced evidence over defense objection
that was both irrelevant and unfairly prejudicial during the testimony of witness [R.G.], bearing upon prior
bad acts which were extraneous to the offense alleged in the indictment." Appellant refers us to R.G.'s
testimony that appellant touched her genitals when she was eleven years old. Appellant's argues that the
court should not have admitted the testimony without first determining for the record (1) whether the
testimony was relevant for any purpose other than character conformity and (2) whether the danger of
unfair prejudice exceeded the probative value of the testimony. See Montgomery v. State, 810 S.W.2d
372, 387-89 (Tex. Crim. App. 1991) (opinion on rehearing). In Montgomery, the court held that when
overruling a rule 404(b) objection, a trial court "should honor any request by the opponent of the evidence
for articulation into the record of the purpose for which [the] evidence is . . . admitted by the trial court." 
Id. at 387; see Tex. R. Evid. 404(b). The court also held that when an objection to evidence is made
pursuant to rule 403, the court must engage in a balancing process to determine whether the probative value
of the evidence is substantially outweighed by the danger of unfair prejudice. Montgomery, 810 S.W.2d
at 389; see Tex. R. Evid. 403.

 Appellant's only objection to R.G.'s testimony describing appellant touching her when she
was eleven was that it was irrelevant. Even if this was sufficient to invoke rule 404(b), appellant did not
request that the court or the State articulate the purpose for which the evidence was admitted. Appellant
did not object to the testimony on rule 403 grounds, and therefore cannot invoke that rule on appeal. 
Finally, the testimony to which appellant objected was properly admitted under article 38.37. Tex. Code
Crim. Proc. Ann. art. 38.37 (West Supp. 1998). This statute creates an exception to rule 404 in
prosecutions for sexual offenses against children, and permits evidence of other crimes or acts committed
by the defendant against the child for its bearing on such matters as the defendant's state of mind and the
previous relationship between the defendant and child. Point of error one is overruled.

 Dr. Beth Nauert examined A.E. five days after the August 1995 incident. Nauert testified
that her examination of a child who is believed to have been sexually abused consists of three parts: an
interview or history, the actual physical examination, and laboratory analysis as needed. The prosecutor
asked Nauert to relate what A.E. told her during the interview. Appellant objected that the question called
for hearsay. The objection was overruled, and Nauert read into evidence her written record of A.E.'s
statements to her. In his second point of error, appellant contends the court erred by admitting some of
this testimony.

 A sexual abuse victim's statements to a physician describing the abusive acts and identifying
the abuser are admissible under the medical diagnosis exception to the hearsay rule. Fleming v. State,
819 S.W.2d 237, 247 (Tex. App.--Austin 1991, pet. ref'd); Tex. R. Evid. 803(4). (2) Appellant recognizes
this holding and concedes that much of what A.E. told Nauert was admissible under the hearsay exception. 
He argues, however, that not all of A.E.'s statements to Nauert were pertinent to her diagnosis and
treatment. He refers particularly to A.E.'s statements describing appellant's conduct toward R.G. 
Appellant urges that the district court should not have allowed Nauert to relate those statements that went
beyond the legitimate scope of the hearsay exception.

 This contention was not preserved for review. Appellant's only trial objection was directed
to Nauert's hearsay testimony in its entirety. This objection was properly overruled. Appellant did not
specifically object to those hearsay statements he now contends exceed the scope of rule 803(4). Because
Nauert's hearsay testimony was for the most part admissible, it was incumbent on appellant to identify and
object to those portions that were not. Moyer v. State, 948 S.W.2d 525, 529-30 (Tex. App.--Fort
Worth 1997, pet. ref'd). Point of error two is overruled.

 R.G.'s stepmother secretly recorded a conversation she had with appellant after R.G. and
A.E. reported what he had done. During her testimony, the recording was offered in evidence by the State. 
Appellant objected to its admission on the ground that his entire conversation with the witness had not been
recorded. Specifically, appellant urged that his first remarks to the witness were not on the tape. The
witness disagreed, saying that the entire conversation could be heard. The objection was overruled and
the tape recording was admitted in evidence and played for the jury.

 In his third point of error, appellant contends that the admission of the recording violated
the rule of optional completeness. Tex. R. Evid. 107. Under this rule, when part of a recorded statement
is given in evidence by a party, the whole of the same may be inquired into by the other party. Appellant
was permitted to question the witness regarding that portion of the conversation that he claimed was not
recorded. Although the witness disagreed with appellant's assertion that the recording was incomplete,
she confirmed that appellant made the statements he asserted were not on the tape. No violation of rule
107 is shown. Point of error three is overruled.

 Finally, appellant contends he did not receive effective assistance of counsel at trial. To
prevail on a claim of ineffective assistance of counsel at the guilt stage, an appellant must show that counsel
made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced
the appellant's defense to such a degree that he was deprived of a fair trial. Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore
v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, pet. ref'd). Counsel's performance must be judged in its totality, rather than by
isolating individual errors or omissions. Oestrick v. State, 939 S.W.2d 232, 237 (Tex. App.--Austin
1997, pet. ref'd). We also must avoid the distortions of hindsight, and evaluate counsel's conduct from
his perspective at the time of trial. Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). A
defendant asserting an ineffective assistance claim must overcome a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994).

 Appellant first complains that his attorney should have exercised his right to a severance
of the two indictments. Tex. Penal Code Ann. § 3.04(a) (West 1994). This was a question of trial strategy
which this Court will not second-guess. While a joint trial of the two indictments had the disadvantage
(from appellant's standpoint) of allowing the jury to hear evidence regarding appellant's misconduct toward
both complainants, it had the advantage of eliminating the possibility of consecutive sentences. Tex. Penal
Code Ann. § 3.03(a) (West Supp. 1998). (3) 

 In a related argument, appellant contends his attorney should have requested limiting
instructions directing the jury not to consider the evidence regarding his conduct with each of the
complainants as evidence of guilt with respect to the other. Assuming appellant would have been entitled
to such instructions, we decline to label counsel's performance ineffective on the basis of this single error. 
Counsel's performance must be considered as a whole. Moreover, counsel must be given some credit for
the relatively light punishments assessed by the jury. Appellant has not met his burden of proving that his
attorney was not functioning effectively as counsel. Point of error four is overruled.

 The judgments of conviction are affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Dally*

Affirmed on Both Causes

Filed: April 30, 1998

Do Not Publish





* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).
1. Amendments to this statute since the commission of the offense are irrelevant to the appeal.
2. The present evidence rule is identical to the criminal evidence rule in effect when Fleming was
decided. In Fleming, the Court expressed the concern that very young children may not understand the
need to be truthful with a physician or other care-giver. That is not a concern in this cause.
3. The 1997 amendments to sections 3.03 and 3.04, limiting the right to severance when two or more
sexual offenses against children are joined for trial and giving trial courts the discretion to cumulate the
sentences in such cases, were not in effect at the time of appellant's trial.



/SPAN>To
prevail on a claim of ineffective assistance of counsel at the guilt stage, an appellant must show that counsel
made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced
the appellant's defense to such a degree that he was deprived of a fair trial. Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore
v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, pet. ref'd). Counsel's performance must be judged in its totality, rather than by
isolating individual errors or omissions. Oestrick v. State, 939 S.W.2d 232, 237 (Tex. App.--Austin
1997, pet. ref'd). We also must avoid the distortions of hindsight, and evaluate counsel's conduct from
his perspective at the time of trial. Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). A
defendant asserting an ineffective assistance claim must overcome a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994).

 Appellant first complains that his attorney should have exercised his right to a severance
of the two indictments. Tex. Penal Code Ann. § 3.04(a) (West 1994). This was a question of trial strategy
which this Court will not second-guess. While a joint trial of the two indictments had the disadvantage
(from appellant's standpoint) of allowing the jury to hear evidence regarding appellant's misconduct toward
both complainants, it had the advantage of eliminating the possibility of consecutive sentences. Tex. Penal
Code Ann. § 3.03(a) (West Supp. 1998). (3) 

 In a related argument, appellant contends his attorney should have requested limiting
instructions directing the jury not to consider the evidence regarding his conduct with each of the
complainants as evidence of guilt with respect to the other. Assuming appellant would have been entitled
to such instructions, we decline to label counsel's performance ineffective on the basis of this single error. 
Counsel's performance must be considered as a whole. Moreover, counsel must be given some credit for
the relatively light punishments assessed by the jury. Appellant has not met his burden of proving that his
attorney was not functioning effectively as counsel. Point of error four is overruled.

 The judgments of conviction are affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Dally*

Affirmed on Both Causes

Filed: April 30, 1998

Do Not Publish





* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't