TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00795-CR







Ricardo Thomas Calo, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 48,145, HONORABLE W. E. BACHUS, JUDGE PRESIDING







A jury found appellant Ricardo Thomas Calo guilty of aggravated robbery and
assessed punishment at imprisonment for nine years and a $10,000 fine. See Tex. Penal Code
Ann. § 29.03 (West 1994). On the jury's recommendation, the district court suspended
imposition of sentence and placed appellant on community supervision. In his sole point of error,
appellant contends the district court erred by overruling his motion for new trial based on newly
discovered evidence. We will affirm.

Nancy Blanton testified that on September 27, 1997, two young men entered the
Killeen department store where she worked as assistant manager about thirty minutes before
closing time. They waited several minutes before approaching the only cash register still open
in the store. Blanton heard the cashier say, "We're being robbed." Blanton turned and saw one
of the men reaching into the cash register. When Blanton walked toward the man, he pointed a
pistol at her. The men fled with $324 in cash. Blanton identified appellant as the man who
reached into the cash register and brandished the pistol.

A second store employee, Keneqia Reynolds, testified that she recognized the
robbers as persons with whom she had attended high school. That night, Reynolds looked through
her yearbook and identified photographs of appellant and Jason Brooks. She, too, identified
appellant at trial.

Appellant, his mother, and a friend testified that appellant was in San Antonio with
several members of his family on the night of the robbery. In rebuttal, the State called witnesses
who testified that they saw the Calos' van in the driveway of their Killeen home on the night of
the robbery.

Appellant moved for a new trial to present the testimony of his cousin, Edwin
Colon. Colon, who was then in prison in Puerto Rico, swore out an affidavit stating that he and
Brooks committed the robbery. Appellant's trial attorney testified at the hearing that he knew
before trial that Brooks had, at different times, named both appellant and Colon as his accomplice
in the robbery. Counsel also knew that Brooks had failed a polygraph test and believed that he
would not be a credible witness, assuming he would be willing to testify on appellant's behalf. 
Counsel did not speak to Colon, who was in Puerto Rico at the time of appellant's trial, but he
was told by family members that Colon denied any involvement in the robbery. Moreover,
appellant and his family insisted to counsel that Colon had been with them in San Antonio on the
night of the robbery. In fact, they so testified at appellant's trial. Blanton testified at the hearing
that she was familiar with Colon and that he was not the robber. She remained positive in her
identification of appellant.

"A new trial shall be granted an accused where material evidence favorable to the
accused has been discovered since trial." Tex. Code Crim. Proc. Ann. art. 40.001 (West Supp.
2000). To obtain a new trial on this ground, a movant must show: (1) that the evidence was
unknown to the movant at the time of trial; (2) that the movant's failure to discover the evidence
was not due to a lack of diligence; (3) that the evidence is probably true and would probably bring
about a different result in another trial; and (4) that the evidence is admissible and not merely
cumulative, corroborative, collateral, or impeaching. See Moore v. State, 882 S.W.2d 844, 849
(Tex. Crim. App. 1994); Oestrick v. State, 939 S.W.2d 232, 237 (Tex. App.--Austin 1997, pet.
ref'd). To satisfy the third element, the trial court must determine that the whole record presents
no good cause to doubt the credibility of the witness whose testimony constitutes the new
evidence. See Ross v. State, 9 S.W.3d 878, 883 (Tex. App.--Austin 2000, pet. ref'd); Oestrick,
939 S.W.2d at 236.

We review the denial of a motion for new trial based on newly discovered evidence
for an abuse of discretion. See Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); State
v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). Considering the record as a whole,
including Colon's relationship to appellant, the ever-changing stories told by Colon and Brooks,
and the trial testimony by both appellant and his family that Colon was with them in San Antonio
when the crime was committed, the district court would have been well within its discretion in
determining that Colon's affidavit was not "probably true," and therefore did not show reasonable
grounds for granting appellant a new trial. 

The point of error is overruled and the judgment of conviction is affirmed.



 


 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Do Not Publish



nal Code
Ann. § 29.03 (West 1994). On the jury's recommendation, the district court suspended
imposition of sentence and placed appellant on community supervision. In his sole point of error,
appellant contends the district court erred by overruling his motion for new trial based on newly
discovered evidence. We will affirm.

Nancy Blanton testified that on September 27, 1997, two young men entered the
Killeen department store where she worked as assistant manager about thirty minutes before
closing time. They waited several minutes before approaching the only cash register still open
in the store. Blanton heard the cashier say, "We're being robbed." Blanton turned and saw one
of the men reaching into the cash register. When Blanton walked toward the man, he pointed a
pistol at her. The men fled with $324 in cash. Blanton identified appellant as the man who
reached into the cash register and brandished the pistol.

A second store employee, Keneqia Reynolds, testified that she recognized the
robbers as persons with whom she had attended high school. That night, Reynolds looked through
her yearbook and identified photographs of appellant and Jason Brooks. She, too, identified
appellant at trial.

Appellant, his mother, and a friend testified that appellant was in San Antonio with
several members of his family on the night of the robbery. In rebuttal, the State called witnesses
who testified that they saw the Calos' van in the driveway of their Killeen home on the night of
the robbery.

Appellant moved for a new trial to present the testimony of his cousin, Edwin
Colon. Colon, who was then in prison in Puerto Rico, swore out an affidavit stating that he and
Brooks committed the robbery. Appellant's trial attorney testified at the hearing that he knew
before trial that Brooks had, at different times, named both appellant and Colon as his accomplice
in the robbery. Counsel also knew that Brooks had failed a polygraph test and believed that he
would not be a credible witness, assuming he would be willing to testify on appellant's behalf. 
Counsel did not speak to Colon, who was in Puerto Rico at the time of appellant's trial, but he
was told by family members that Colon denied any involvement in the robbery. Moreover,
appellant and his family insisted to counsel that Colon had been with them in San Antonio on the
night of the robbery. In fact, they so testified at appellant's trial. Blanton testified at the hearing
that she was familiar with Colon and that he was not the robber. She remained positive in her
identification of appellant.

"A new trial shall be granted an accused where material evidence favorable to the
accused has been discovered since trial." Tex. Code Crim. Proc. Ann. art. 40.001 (West Supp.
2000). To obtain a new trial on this ground, a movant must show: (1) that the evidence was
unknown to the movant at the time of trial; (2) that the movant's failure to discover the evidence
was not due to a lack of diligence; (3) that the evidence is probably true and would probably bring
about a different result in another trial; and (4) that the evidence is admissible and not merely
cumulative, corroborative, collateral, or impeaching. See Moore v. State, 882 S.W.2d 844, 849
(Tex. Crim. App. 1994); Oestrick v. State, 939 S.W.2d 232, 237 (Tex. App.--Austin 1997, pet.
ref'd). To satisfy the third element, the trial court