TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00049-CR







Fredrick Como, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-91-44, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING







 A jury found appellant Fredrick Como, Jr., guilty of burglary of a vehicle. Penal
Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.04, 1973 Tex. Gen. Laws 883, 927 (Tex. Penal Code
Ann. § 30.04, since amended). The district court assessed punishment, enhanced by two previous
felony convictions, at imprisonment for sixty years. Appellant contends the evidence is legally
and factually insufficient to sustain his conviction, that evidence was erroneously admitted, and
that he did not receive effective assistance of trial counsel. We will overrule these contentions and
affirm.

 At about 4:30 a.m. on January 29, 1991, Christopher Coley was awakened by a
sound outside his San Marcos apartment. He looked outside and saw "a leg sticking out, a foot,
from the passenger's side of my car." Coley opened the door of his apartment and shouted at the
man to get out of his car. The man did so and looked up at Coley. Coley, who testified that he
got a good look at the burglar, identified appellant at trial as the man he saw. Appellant was
holding a T-top from Coley's automobile. (1) Coley then ran downstairs into the parking lot. 
Meanwhile, appellant took the second T-top from the car and fled. Coley gave chase, but
appellant succeeded in getting away in a white Mercury Cougar. Coley returned to his apartment
and reported the incident to the police.

 San Marcos police officer Karon Guenther was working as patrol sergeant that
night. She testified that earlier that month, the San Marcos police had received a written report
from the Houston police informing them that two black males were coming to San Marcos with
the intent to steal T-tops. The report included a description of the suspects' usual manner of
operation, which included checking into a local motel and renting a car. Based on this
information, San Marcos police formulated a plan of action to be followed should such a theft
occur. According to plan, police units throughout San Marcos began to check motels for the
suspect Mercury Cougar after Coley reported the theft of his T-tops.

 Officer Sherry Peyton went to a Motel 6. In the parking lot, she saw a white
Mercury Cougar which, upon inspection, appeared to have been driven recently. As she stood
by the vehicle, she heard someone walking on the upper breezeway. Peyton looked up and saw
a black man wearing a jacket matching Coley's description watching her. When he saw the officer
look at him, the man fled into a room. Peyton identified appellant at trial as this man.


 Appellant was registered at the motel under a false name. When the police went
to the room, they found that it was occupied by appellant and a second man, who was pretending
to be asleep. Appellant had the keys to the rented Mercury Cougar in his pocket. The police
found gloves and pliers in the room, but did not recover Coley's stolen T-tops. Coley was brought
to the motel. When he saw appellant standing on the breezeway, he immediately identified him
as the man he saw burglarizing his car.

 Evidence is legally sufficient to support a criminal conviction if, viewing all the
evidence in the light most favorable to the verdict, a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d
155 (Tex. Crim. App. 1981). Appellant argues that the evidence in this cause is legally
insufficient because he was not identified as the man who broke into Coley's car and because the
State did not prove that he acted with the requisite intent.

 Appellant's contention that he was never identified as the man inside Coley's car
is mistaken. Coley testified that he saw a man inside his car, that he watched the man get out of
the car, and that appellant was that man. This testimony is clearly sufficient to identify appellant
as the man who entered Coley's vehicle without his consent. Coley also testified that appellant
took the T-tops from his car and fled. The jury could reasonably infer from this that appellant
entered the car with the intent to commit theft. Appellant's contention that the evidence is legally
insufficient to sustain the conviction is without merit.

 When conducting a factual sufficiency review, the evidence is not viewed in the
light most favorable to the verdict. Instead, all the evidence is considered equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. Orona v. State, 836
S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). A verdict will be set aside for factual
insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State,
823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). 

 Appellant points out that there was no fingerprint evidence linking him to the
burglary and that the stolen T-tops were not found in his possession. Nevertheless, given Coley's
positive identification and the abundant circumstantial evidence, it cannot be said that the jury's
verdict was contrary to the great weight of the evidence. Point of error three is overruled.

 Appellant next urges that Guenther's testimony describing the information received
from the Houston police constituted inadmissible evidence of extraneous misconduct. See Tex.
R. Evid. 404(b). This contention was not preserved for review because appellant did not object
to Guenther's testimony on this basis. Tex. R. App. P. 33.1(a). Appellant's trial objections were
that the testimony was hearsay and that its probative value was outweighed by the danger of unfair
prejudice. See Tex. R. Evid. 403, 802; see also Montgomery v. State, 810 S.W.2d 372, 388 (Tex.
Crim. App. 1991) (op. on reh'g) (rules 403 and 404(b) require separate objections). We also note
that when initially questioned about the Houston police report, Guenther did not testify that
appellant was named therein. Thus, the testimony to which appellant lodged his trial objections
did not constitute evidence that appellant was guilty of extraneous offenses. (2) 

 The State informed the court that it was not offering the testimony to prove the truth
of the matter stated, but to explain why the police acted as they did. The district court admitted
the challenged testimony with an oral instruction that the jury was to consider the testimony "for
the limited purpose of allowing the State to establish the state of mind of the witness in respect to
the events to which she will be testifying, but you may not consider the information for the truth
of the matters asserted." By the same point of error, appellant contends the court should have
included a similar limiting instruction in its jury charge. See Rankin v. State, 974 S.W.2d 707,
712 (Tex. Crim. App. 1996) (limiting instruction should be given both at time testimony is
admitted and in jury charge).

 Appellant did not request such a limiting instruction in the charge or object to its
absence. It has recently been held that the omission of an instruction on a defensive issue is not
charge error in the absence of a request or objection. Posey v. State, 966 S.W.2d 57, 62 (Tex.
Crim. App. 1998). This holding applies to the omission of any instruction except those that deal
with "issues upon which a trial court has a duty to instruct without a request from either party or
issues that have been timely brought to the trial court's attention." Id. at 64. Assuming that the
district court had a duty to give a limiting instruction in its charge, any harm arising from the error
was diminished by the limiting instruction given when the testimony was adduced. See Jones v.
State, 944 S.W.2d 642, 654 (Tex. Crim. App. 1996). On this record, egregious harm to appellant
is not shown. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on
reh'g). Point of error two is overruled.

 Finally, appellant contends his trial counsel was ineffective because he did not
object to Coley's identification testimony. Prior to trial, the district court granted a defense
motion to conduct a hearing on appellant's contention that any in-court identification would be
tainted by an allegedly prejudicial pretrial identification procedure. This hearing was not held and
appellant subsequently obtained new counsel. The new attorney did not pursue the identification
issue.

 To prevail on a claim of ineffective assistance of counsel at the guilt stage, an
appellant must show that counsel made such serious errors that he was not functioning effectively
as counsel and that these errors prejudiced the appellant's defense to such a degree that he was
deprived of a fair trial. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex.
Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). 
Counsel's performance must be judged in its totality, rather than by isolating individual errors or
omissions. Oestrick v. State, 939 S.W.2d 232, 237 (Tex. App.--Austin 1997, pet. ref'd). We
also must avoid the distortions of hindsight, and evaluate counsel's conduct from his perspective
at the time of trial. Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). A defendant
asserting an ineffective assistance claim must overcome a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). This burden is made more difficult when, as in this
cause, no motion for new trial was filed and there is no record focused on the conduct of counsel 
See id. at 772 (Baird, J., concurring).

 One-on-one identification procedures are often criticized, but they do not inevitably
render inadmissible subsequent in-court identifications. The dispositive question in every case is
whether the procedure gave rise to a very substantial likelihood of irreparable misidentification,
to be determined from the totality of the circumstances. Delk v. State, 855 S.W.2d 700, 706 (Tex.
Crim. App. 1993). While an objection could have been made that Coley's identification of
appellant at trial was tainted by the one-on-one identification at the motel on the night of the
offense, appellant has not demonstrated that such a objection would have been meritorious. See
id. (factors to consider). The record does not support a finding that the alleged error denied
appellant a fair trial. Point of error one is overruled.

 The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: March 4, 1999

Do Not Publish



* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Coley testified that his car had two removable panels in its roof. This arrangement is
referred to as a T-top.
2. Guenther later testified on redirect that the Houston police report said that one of the men
on his way to San Marcos was named Freddy Como. Appellant voiced no objection to this
testimony.



gular"> Finally, appellant contends his trial counsel was ineffective because he did not
object to Coley's identification testimony. Prior to trial, the district court granted a defense
motion to conduct a hearing on appellant's contention that any in-court identification would be
tainted by an allegedly prejudicial pretrial identification procedure. This hearing was not held and
appellant subsequently obtained new counsel. The new attorney did not pursue the identification
issue.

 To prevail on a claim of ineffective assistance of counsel at the guilt stage, an
appellant must show that counsel made such serious errors that he was not functioning effectively
as counsel and that these errors prejudiced the appellant's defense to such a degree that he was
deprived of a fair trial. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex.
Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). 
Counsel's performance must be judged in its totality, rather than by isolating individual errors or
omissions. Oestrick v. State, 939 S.W.2d 232, 237 (Tex. App.--Austin 1997, pet. ref'd). We
also must avoid the distortions of hindsight, and evaluate counsel's conduct from his perspective
at the time of trial. Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). A defendant
asserting an ineffective assistance claim must overcome a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). This burden is made more difficult when, as in this
cause, no motion for new trial was filed and there is no record focused on the conduct of counsel 
See id. at 772 (Baird, J., concurring).

 One-on-one identification procedures are often criticized, but they do not inevitably
render inadmissible subsequent in-court identifications. The dispositive question in every case is
whether the procedure gave rise to a very substantial likelihood of irreparable misidentification,
to be determined from the totality of the circumstances. Delk v. State, 855 S.W.2d 700, 706 (Tex.
Crim. App. 1993). While an objection could have been made that Coley's identification of
appellant at trial was tainted by the one-on-one identification at the motel on the night of the
offense, appellant has not demonstrated that such a objection would have been meritorious. See
id. (factors to consider). The record does not support a finding that the alleged error denied
appellant a fair trial. Point of error one is overruled.

 The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Aff