TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00368-CR


NO. 03-99-00369-CR

NO. 03-99-00370-CR

NO. 03-99-00371-CR

NO. 03-99-00372-CR





Adrian Flores, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BEXAR COUNTY, 227TH JUDICIAL DISTRICT


NOS. 93CR1472, 93CR8621, 98CR2483, 98CR2596 & 98CR4262,


HONORABLE PHILIP A. KAZEN, JUDGE PRESIDING





 On September 29, 1998, appellant Adrian Flores, Jr. pleaded guilty to felony
weapon possession (cause 03-99-00370), possession with intent to deliver cocaine (cause 03-99-00371), and possession with intent to deliver methamphetamine (cause 03-99-00372). See Tex.
Penal Code Ann. § 46.04 (West 1994); Tex. Health & Safety Code Ann. § 481.112 (West Supp.
2000). He entered his guilty plea pursuant to an agreement with the State that recommended
limiting his range of punishment to fifteen years, waived repeat offender paragraphs for the two
drug charges, recommended that appellant's sentences run concurrently, and noted that the State
opposed community supervision and deferred adjudication. On March 11, 1999, appellant pleaded
true to the State's motions to revoke his probation for prior convictions for possession of cocaine
(cause 03-99-00368) and methamphetamine (cause 03-99-00369). See Tex. Health & Safety Code
Ann. § 481.115 (West Supp. 2000). The district court found appellant guilty and sentenced him
to twelve years' confinement in each of the three new causes; the court revoked his probation and
sentenced him to confinement for ten years in cause 03-99-00369 and five years in cause 03-99-00368. The district court ordered appellant's five sentences to run concurrently.

 Appellant claims that the district court erred in not holding a hearing on his motion
for new trial and that his guilty pleas were involuntary due to ineffective assistance of counsel. 
We will affirm the district court's judgments.


Did the district court err in not holding an evidentiary hearing?

 We review a trial court's refusal to hold an evidentiary hearing on a motion for new
trial for an abuse of discretion. See Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App.
1993). A trial court abuses its discretion in denying a hearing on a timely filed motion for new
trial if the motion raises a matter outside the record upon which relief could be granted, such as
the voluntariness of a guilty plea. See Reyes, 849 S.W.2d at 816; Alvarez v. State, 995 S.W.2d
185, 187 (Tex. App.--San Antonio 1999, pet. ref'd). While not statutorily required, if the motion
alleges facts outside the record, it must be supported by the affidavit of someone with knowledge
of the facts. See Reyes, 849 S.W.2d at 816; Mallet v. State, 9 S.W.3d 856, 865 (Tex. App.--Fort
Worth 2000, no pet. h.); Oestrick v. State, 939 S.W.2d 232, 236 (Tex. App.--Austin 1997, pet.
ref'd).

 A defendant may file a motion for new trial within thirty days of the date the trial
court imposes or suspends sentence. See Tex. R. App. P. 21.4(a). Once a motion for new trial
is filed, the defendant has ten days to present it to the trial court, unless the trial court allows it
to be presented and heard within seventy-five days from the date sentence is imposed or
suspended. See Tex. R. App. P. 21.6. The trial court must rule on the motion within seventy-five days of sentencing, or the motion is deemed overruled by operation of law. See Tex. R. App.
P. 21.8.

 A defendant may amend his motion for new trial before it is acted upon, as long
as it is amended within thirty days of the sentencing date. See Tex. R. App. P. 21.4(b); Dugard
v. State, 688 S.W.2d 524, 530 (Tex. Crim. App. 1985), overruled on other grounds, Williams
v. State, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989). Filing affidavits in support of a motion
for new trial more than thirty days after sentencing is considered an untimely attempt to amend
the motion. See Dugard, 688 S.W.2d at 529-30; Mallet, 9 S.W.3d at 865. A motion for new
trial alleging facts outside the record filed without supporting affidavits is not a proper pleading
and is fatally defective; a trial court does not err in refusing to grant a hearing on such a motion. 
See Dugard, 688 S.W.2d at 530.

 The district court sentenced appellant on March 11, 1999. Appellant timely filed
his motion for new trial on April 6, but the motion was unsupported by affidavit or other
evidence. Appellant filed his affidavit in support of his motion on May 3, fifty-three days after
the sentences were imposed, beyond both the thirty days to file or amend the motion and the ten
days to present the motion. See Tex. R. App. P. 21.4, 21.6; Mallet, 9 S.W.3d at 865. 
Appellant's affidavit was not properly before the trial court; we therefore review his issues on
appeal without the benefit of appellant's affidavit. See Mallet, 9 S.W.3d at 865.

 A defendant's right to an evidentiary hearing on a motion for new trial is not an
absolute right, and we will not reverse a court's decision to deny a hearing absent a clear abuse
of discretion. See Reyes, 849 S.W.2d at 815-16; Mallet, 9 S.W.3d at 867-68. It is not an abuse
of discretion to refuse to hold a hearing on a motion for new trial that is not properly supported
by affidavit evidence showing reasonable grounds entitling the defendant to a new trial. See
Jordan v. State, 883 S.W.2d 664, 665 (Tex. 1994); Mallet, 9 S.W.3d at 868.

 Appellant's motion does not set set forth grounds showing he was entitled to relief. 
See Jordan, 883 S.W.2d at 665; Dugard, 688 S.W.2d at 530; Mallet, 9 S.W.3d at 868. 
Appellant's entire motion complains as follows:


Through representations made by [appellant's] trial counsel, mitigating evidence
relevant to the Court's assessment of [appellant's] punishment was not presented. 
Based upon certain representations made by [appellant's] trial counsel, [appellant]
was induced not to put on such evidence. Counsel's representations afforded no
effective trial strategy and resulted in trial counsel's representation of him being
ineffective. But for counsel's ineffective assistance, [appellant] would have put on
a meaningful case of mitigation during the punishment phase which could have
affected the outcome of the sentence received.



Appellant's motion does not allege any specific misrepresentations by counsel or that his guilty
pleas were involuntarily given. The only specific complaint he raises concerns his attorneys'
decision not to present evidence at the punishment hearing. Appellant's motion makes conclusory
statements that he received ineffective assistance but does not raise matters outside the record upon
which relief can be granted. See Reyes, 849 S.W.2d at 816. The district court did not err in
failing to hold a hearing on appellant's motion.

 Even considering appellant's untimely filed affidavit, the district court initially set
a hearing on appellant's motion for June 14, ninety-five days after the court imposed sentence and
well beyond the seventy-five days required by the rules. See Tex. R. App. P. 21.8. It was
appellant's burden to present his motion and request a timely hearing date. See Oestrick, 939
S.W.2d at 235.

 The district court did not err in failing to hold a hearing on appellant's motion for
new trial. We overrule appellant's first issue on appeal.


Did appellant receive ineffective assistance of counsel?

 Appellant claims his guilty pleas were involuntary because trial counsel
misrepresented appellant's eligibility for probation. (1) He claims those misrepresentations deprived
him of the opportunity to present evidence of his good character and qualifications for probation. 
Appellant states that, but for the deficient representation, he would not have pleaded guilty and
instead would have requested a jury trial.

 When a defendant challenges the voluntariness of a guilty plea on the basis of
ineffective assistance of counsel, the voluntariness of his plea depends on (1) whether counsel's
advice was within the range of competence demanded and, if not, (2) whether there is a reasonable
probability that, but for the ineffective assistance, the defendant would not have pled guilty and
would have insisted on going to trial. See In re Moody, 991 S.W.2d 856, 857-58 (Tex. Crim.
App. 1999). In reviewing counsel's performance, we indulge a strong presumption that he acted
within the wide range of reasonable professional assistance. See McFarland v. State, 845 S.W.2d
824, 843 (Tex. Crim. App. 1992); Oestrick, 939 S.W.2d at 237. The defendant bears the burden
of showing that his counsel's performance was deficient and that it is reasonably probable that he
would have insisted on a trial had he been properly advised. See Moody, 991 S.W.2d at 858.

 When the record is silent as to possible trial strategies undertaken by defense
counsel, we will not speculate on why counsel acted as he did. See Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994); Gravis v. State, 982 S.W.2d 933, 937-38 (Tex. App.--Austin
1998, pet. ref'd); Mayhue v. State, 969 S.W.2d 503, 511 (Tex. App.--Austin 1998, no pet.). 
There is no evidence in this record, other than appellant's late-filed and self-serving affidavit, to
support his claims that his counsel was ineffective and that his guilty pleas were involuntarily
made. See Enard v. State, 764 S.W.2d 574, 576 (Tex. App.--Houston [14th Dist.] 1989, no pet.). 
Without proof that shows both ineffective assistance and a reasonable probability that appellant
would have insisted on a trial, he cannot overcome the strong presumption of effective assistance
of counsel. See Mayhue, 969 S.W.2d at 511.

 A defendant does not receive ineffective assistance of counsel simply because trial
counsel advises the defendant to plead guilty under an expectation that the court will probate the
sentence or impose a lighter sentence than is received. See Graves v. State, 803 S.W.2d 342, 345
(Tex. App.--Houston [14th Dist.] 1990, pet. ref'd); Medford v. State, 766 S.W.2d 398, 401 (Tex.
App.--Austin 1989, no pet.). A defendant's reliance on his attorney's professional opinion does
not render a guilty plea involuntary. See Medford, 766 S.W.2d at 401.

 Appellant was orally admonished of the range of punishment before entering his
guilty pleas and pleas of true. He was further advised by the district court that the State
(1) recommended a cap of fifteen years punishment in each cause, (2) recommended that
appellant's sentences in all five causes should run concurrently, and (3) opposed probation. The
written guilty plea appellant signed set out the same terms. Although the State opposed probation,
appellant was still eligible to receive probation, and during the sentencing hearing, his attorney
argued that he should receive probation. The district court opted not to grant probation, stating,
"not many other lawyers would have been able to argue as eloquently as [appellant's attorney at
the sentencing hearing] did. And you got a great deal . . . and it's -- the fact that I came off of
that speaks very highly of his eloquence. I just hope you understand that. I wish there were
another alternative, but based on what I saw on the PSI and based on your history, I just can't do
it."

 The record does not indicate that before appellant entered his guilty pleas, he was
promised he would receive probation. (2)
 See Moody, 991 S.W.2d at 858 (ineffective assistance
when defendant misinformed regarding concurrence of federal and state sentences; distinguished
from "a case in which a defendant relies on erroneous parole eligibility information, which is
speculative by nature"); Rodriguez v. State, 933 S.W.2d 702, 707 (Tex. App.--San Antonio 1996,
pet. ref'd) (no evidence in record of assurances or promises by attorney concerning community
supervision, only that "[defendant's] attorney said community supervision was a possibility."). 
As in Rodriguez, when appellant entered his guilty pleas, he was eligible for judge-ordered
probation. See Tex. Code Crim. Proc. Ann. art. 42.12 §§ 3, 3g, 5, 12 (West Supp. 2000). The
trial court reviewed the evidence and decided against probation. Appellant did not receive
ineffective assistance simply because he relied on his attorneys' professional opinions and
unsuccessful trial strategy. See Medford, 766 S.W.2d at 401. Appellant has not established that
his guilty pleas were involuntary. We overrule appellant's second issue on appeal.


Conclusion

 The district court did not err in failing to hold a hearing on appellant's motion for
new trial, nor did appellant receive ineffective assistance of counsel that led him to enter
involuntary guilty pleas. We affirm the district court's judgments.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: March 30, 2000

Publish
1. Appellant makes the same arguments for his probation revocations as he does regarding his
three new convictions. We will examine appellant's pleas of "true" to the allegations in the
State's motions to revoke probation under the same analysis as for his guilty pleas in the other
three causes.
2. Even if we consider appellant's affidavit as evidence of ineffective assistance, his argument
fails. Appellant's affidavit states his first attorney, who represented him when he entered his
guilty pleas, said appellant's "chances were very good" to get probation, and his second attorney,
who represented him at the punishment hearing, "assured" him that he would get shock probation
and that there was no need to put on evidence of his good character. Appellant does not argue
in his affidavit that his guilty pleas were involuntary due to misrepresentations regarding
probation. He states he was surprised to learn that he was ineligible for probation; but he was
eligible for probation when he entered his pleas. Reading the affidavit in the light most generous
to appellant's argument, he argues he was "assured" of probation by the attorney who represented
him at the punishment hearing; however, that was after he had already entered his guilty pleas.




/P>

 Appellant was orally admonished of the range of punishment before entering his
guilty pleas and pleas of true. He was further advised by the district court that the State
(1) recommended a cap of fifteen years punishment in each cause, (2) recommended that
appellant's sentences in all five causes should run concurrently, and (3) opposed probation. The
written guilty plea appellant signed set out the same terms. Although the State opposed probation,
appellant was still eligible to receive probation, and during the sentencing hearing, his attorney
argued that he should receive probation. The district court opted not to grant probation, stating,
"not many other lawyers would have been able to argue as eloquently as [appellant's attorney at
the sentencing hearing] did. And you got a great deal . . . and it's -- the fact that I came off of
that speaks very highly of his eloquence. I just hope you understand that. I wish there were
another alternative, but based on what I saw on the PSI and based on your history, I just can't do
it."

 The record does not indicate that before appellant entered his guilty pleas, he was
promised he would receive probation. (2)
 See Moody, 991 S.W.2d at 858 (ineffective assistance
when defendant misinformed regarding concurrence of federal and state sentences; distinguished
from "a case in which a defendant relies on erroneous parole eligibility information, which is
speculative by nature"); Rodriguez v. State, 933 S.W.2d 702, 707 (Tex. App.--San Antonio 1996,
pet. ref'd) (no evidence in record of assurances or promises by attorney concerning community
supervision, only that "[defendant's] attorney said community supervision was a possibility."). 
As in Rodriguez, when appellant entered his guilty pleas, he was eligible for judge-ordered
probation. See Tex. Code Crim. Proc. Ann. art. 42.12 §§ 3, 3g, 5, 12 (West Supp. 2000). The
trial court reviewed the evidence and decided against probation. Appellant did not receive
ineffective assistance simply because he relied on his attorneys' professional opinions and
unsuccessful trial strategy. See Medford, 766 S.W.2d at 401. Appellant has not established that
his guilty pleas were involuntary. We overrule appellant's second issue on appeal.


Conclusion

 The district court did not err i