COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

WILLIAM CHARLES CRAWFORD,                  )                    No.  08-01-00043-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      244th District Court

                                                                              )

THE STATE OF TEXAS,                                     )                   of Ector County, Texas

                                                                              )

Appellee.                           )                           (TC# C-28,104)

 

O
P I N I O N

 

William
Charles Crawford appeals his convictions for indecency with a child.  Appellant waived his right to a jury and
entered an open plea of guilty to three counts of indecency with a child.  The court found Appellant guilty and assessed
punishment at imprisonment for a term of thirteen years on each count.  On appeal, he asserts that his attorney
provided ineffective assistance of counsel by advising him to plead
guilty.  We affirm.

FACTUAL SUMMARY








A
grand jury indicted Appellant for three counts of indecency with a child.  Counts 1 and 2 alleged that Appellant engaged
in sexual contact with AT,@ a child younger than seventeen years
of age, by touching her genitals.  See
Tex.Pen.Code Ann. ' 21.11(a)(1)(Vernon Supp. 2002).  Count 3 alleged that Appellant engaged in
sexual contact by causing AT@ to touch his genitals.  See Tex.Pen.Code
Ann. '
21.11(a)(1).  Appellant filed an application
for probation and later entered a non-negotiated guilty plea to each count
after waiving his rights to a jury trial and to confront the witnesses against
him.  The trial court properly admonished
Appellant, and before accepting Appellant=s
pleas of guilty, determined that he had voluntarily entered them.

Both
the State and Appellant offered evidence at the punishment hearing.  In support of its argument that Appellant
should be sentenced to a term of imprisonment, the State offered the testimony
of a deputy sheriff who initially responded to the sexual assault call, the
complainant=s mother
and stepmother, another investigator who testified to statements by Appellant
admitting that he had unintentionally touched the complainant=s genitalia while Atickling@
her, and the case worker who interviewed the complainant.  The State also offered the videotaped
interview of the complainant and an anatomically correct drawing she made
depicting where Appellant touched her. 
Appellant testified for the sole purpose of establishing his eligibility
for community supervision.  During
closing argument, the State argued for a prison sentence while Appellant=s attorney requested community
supervision.  Based upon the evidence and
the pre-sentence report, the trial court assessed punishment at imprisonment
for thirteen years on each count. 
Appellant filed a motion for new trial but he did not raise his
ineffective assistance of counsel claim.

INEFFECTIVE ASSISTANCE

In
his sole point of error, Appellant contends that he was denied the effective
assistance of counsel because his attorney allowed him to plead guilty with the
expectation that he would be placed on community supervision.  He also complains that counsel failed to
cross-examine any of the witnesses during the punishment phase.

Standard of Review








The
proper standard for determining claims of ineffective assistance under the
Sixth Amendment is the two‑step analysis adopted by the United States
Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984).  See Hernandez
v. State, 988 S.W.2d 770, 771‑72 (Tex.Crim.App. 1999). Under the first
prong, the defendant must show that counsel=s
performance was deficient, to the extent that counsel failed to function as the
Acounsel@
guaranteed by the Sixth Amendment.  Jackson
v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). The defendant must
demonstrate that his attorney=s
representation fell below an objective standard of reasonableness under prevailing
professional norms.  Vasquez v. State,
830 S.W.2d 948, 949 (Tex.Crim.App. 1992). 
Under the second prong, the defendant must establish that counsel=s deficient performance prejudiced the
defense.  Strickland, 466 U.S. at
687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; Jackson, 877 S.W.2d at
771.  Prejudice is established by a
showing that there is a reasonable probability that but for counsel=s unprofessional errors, the result of
the proceeding would have been different. 
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at
698; Jackson, 877 S.W.2d at 771; Hernandez v. State, 726 S.W.2d
53, 55 (Tex.Crim.App. 1986).  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Strickland, 466 U.S.
at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877 S.W.2d at
771.








When
we review a claim of ineffective assistance of trial counsel, we must indulge a
strong presumption that counsel=s
conduct falls within the wide range of reasonable, professional assistance and
the appellant must overcome the presumption that the challenged conduct can be
considered sound trial strategy.  Jackson,
877 S.W.2d at 771; Calderon v. State, 950 S.W.2d 121, 126 (Tex.App.‑-El
Paso 1997, no pet.).  An appellant
challenging trial counsel=s
performance therefore faces a difficult burden and Aa
substantial risk of failure.@  See Thompson v. State, 9 S.W.3d 808,
813 (Tex.Crim.App. 1999). Allegations of ineffectiveness of counsel must be
firmly founded in the record.  Hawkins
v. State, 660 S.W.2d 65, 75 (Tex.Crim.App. 1983); Calderon, 950
S.W.2d at 126.  Under the Strickland
test, the appellant bears the burden of proving ineffective assistance by a preponderance
of the evidence.  Jackson, 877
S.W.2d at 771; Calderon, 950 S.W.2d at 126.

Erroneous Advice Regarding Eligibility for
Probation

We
understand Appellant to argue that counsel erroneously led Appellant to believe
he would be given community supervision if he entered a plea of guilty.  As part of this argument, Appellant suggests
that he was not eligible for community supervision.  When a defendant who has pleaded guilty to
the charged offense challenges the effectiveness of his counsel, we must determine
(1)  whether counsel=s advice was within the range of
competence demanded, and if not, (2) whether there is a reasonable probability
that, but for the ineffective assistance, the defendant would not have pleaded
guilty and would have insisted on going to trial.  Ex parte Moody, 991 S.W.2d 856, 857‑58
(Tex.Crim.App. 1999); Flores v. State, 18 S.W.3d 796, 799 (Tex.App.‑-Austin
2000, no pet.).

Because
Appellant did not file a motion for new trial raising this claim, the record
has not been developed with respect to the reasons for Appellant=s entry of this plea, the advice
provided to Appellant, or counsel=s
trial strategy.  Without a record having
been developed on these issues, we are unable to determine whether Appellant
entered a plea of guilty on the advice of counsel, whether counsel=s advice was legally correct, or
whether counsel=s advice
was made pursuant to sound trial strategy.








Furthermore,
Appellant is only partially correct in his suggestion that he was ineligible
for community supervision.  Because
Appellant entered a plea of guilty to indecency with a child by sexual contact,
he was not eligible for judge-ordered community supervision under Section
3.  See Tex.Code Crim.Proc.Ann. art. 42.12, '
3g (Vernon Supp. 2002)(providing that Section 3 does not apply to a defendant
found guilty of an offense under Section 21.11(a)(1), namely, indecency with a
child by sexual contact).  The trial
judge had the authority, however, to defer an adjudication of guilt and place
Appellant on deferred adjudication community supervision for this offense.  See Tex.Code
Crim.Proc.Ann. art. 42.12, '
3g (providing that a judge may grant deferred adjudication community
supervision for a defendant charged with an offense under Sections 21.11,
22.011, or 22.021, but only if the judge makes a finding in open court that
placing the defendant on community supervision is in the best interest of the
victim).  We decline to assume that
counsel erroneously advised Appellant that he was eligible for both regular
community supervision under Section 3 and deferred adjudication community
supervision under Section 5.  Further,
the record fails to disclose that had Appellant known he was eligible only for
deferred adjudication and ineligible for regular community supervision, he
would not have entered a plea of guilty. 
See Tabora v. State, 14 S.W.3d 332, 337 (Tex.App.--Houston [14th
Dist.] 2000, no pet.).  Given the absence
of evidence, Appellant has failed to establish ineffective assistance by a
preponderance of the evidence.

Failure to Cross-Examine Witnesses








Appellant
additionally argues that counsel=s
performance was deficient because he failed to cross-examine any of the State=s witnesses during the punishment
hearing.  Once again, we are compelled to
note that Appellant has not provided a sufficient record to permit review of
this argument.  It is Appellant=s burden to not only show that the
witnesses would have provided some evidence beneficial to Appellant,[1]
but he must also rebut the presumption that counsel declined to cross-examine
the witnesses as the result of a reasonable trial strategy.  Because Appellant has failed to establish
ineffective assistance of counsel by a preponderance of the evidence, we
overrule his sole point of error.  The
judgment of the trial court is affirmed.

 

 

October 24, 2002

                                                                         

ANN CRAWFORD
McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Do Not Publish)











[1]  See
generally Wilkerson v. State, 726
S.W.2d 542, 550‑51 (Tex.Crim.App. 1986)(stating that counsel=s failure to call a witness is irrelevant absent a
showing that the witness was available and the defendant would benefit from the
testimony).