11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Martin Rodriguez, Jr.

Appellant

Vs.                   Nos. 11-02-00240-CR &
11-02-00241-CR -- Appeals from Dallas County

State of Texas

Appellee

 

Martin
Rodriguez, Jr. entered pleas of Ano contest@ to
two charges of aggravated sexual assault of a child under the age of 14.  Appellant and the State had not reached a
plea bargain agreement.  In each cause,
the trial court convicted appellant and assessed his punishment at confinement
for 30 years.  We affirm.  

Appellant=s contentions on appeal are the same in both
cases.  In the first point of error,
appellant argues that his plea of no contest was involuntary due to the trial
court=s failure to inquire about the existence of a
plea bargain.  In his second point of
error, appellant contends that his plea was involuntary because of the
erroneous advice of trial counsel regarding the effect of an open plea. 

In order
for a plea of guilty or nolo contendere to be appropriate, it must be made
freely and voluntarily.  TEX. CODE CRIM.
PRO. ANN. art. 26.13 (Vernon 1989 & Supp. 2003).  Proper admonishments by the trial court create a prima facie
showing that a plea of guilty or nolo contendere was entered knowingly and
voluntarily.  Martinez v. State, 981
S.W.2d 195, 197 (Tex.Cr.App.1998); Ex parte Gibauitch, 688 S.W.2d 868
(Tex.Cr.App.1985).  Substantial
compliance with Article 26.13 is sufficient Aunless the defendant was not aware of the consequences of his plea and
was misled or harmed by the admonishment.@  Martinez v. State, supra at
197.  When the record reflects that a
defendant was duly admonished, the defendant has the burden to demonstrate that
he did not fully understand the consequences of his plea such that he suffered
harm.  Martinez v. State, supra.  In considering the voluntariness of a guilty
plea, we must examine the record as a whole. 
Martinez v. State, supra.  








The record
from the plea hearing shows that the trial court properly admonished appellant
that he had been charged with aggravated sexual assault of a child and that the
range of punishment was confinement in the penitentiary for a term of 5 years
up to 99 years or life and also an optional fine not to exceed $10,000.  The trial court also inquired as to whether
appellant had discussed with his attorney the indictments, the facts of his
cases, the documents that appellant had signed regarding his pleas, his rights,
the waiver of those rights, and the sex offender registration laws.  Appellant indicated that he and his attorney
had discussed all of those matters and that he understood all of them.  

We hold
that the trial court substantially complied with Article 26.13.  Although appellant is correct with respect
to the trial court=s
failure to inquire in open court about the existence of a plea bargain
agreement, such failure did not render appellant=s plea involuntary.  Appellant
indicated that he had read the plea documents and that he understood them.  These documents indicated that appellant was
entering an open plea of nolo contendere. 
The plea documents also contained written admonishments from the trial
court, including:

The
prosecuting attorney=s
recommendation as to punishment is not binding on the Court....If you enter a
plea of guilty or nolo contendere and there is no plea bargain, the court may
assess your punishment anywhere within the range allowed by law.  

Because
the trial court substantially complied with Article 26.13, appellant must
demonstrate that his pleas were involuntary. 
Appellant asserts that he was misled by the trial court=s failure to inquire about the existence of
any plea bargains because he thought that the trial court would be limited by
the State=s recommendation of punishment as reflected
in the plea documents, wherein the State recommended 20 years confinement.  








The record
reflects, however, that appellant received admonishments regarding the full
range of punishment and the fact that the trial court could assess appellant=s punishment anywhere within that range.  The plea documents signed by appellant
reflected that he entered an Aopen plea.@  The portion of the plea documents regarding
an AAgreed sentence@ was not filled in but, instead, was left blank.  Furthermore, appellant testified at the
hearing on his motion for new trial that, when he entered his plea in each
cause, he was aware that there was no plea bargain agreement.  Trial counsel also testified at the hearing
on the motion for new trial that he made it clear to appellant that the trial
court did not have to follow the State=s recommendation.  Appellant has
not met his burden of showing that his pleas were involuntary.  The first point of error in each case is
overruled. 

Appellant=s second point of error also relates to his
understanding that the trial court could not assess a punishment greater that
20 years confinement.  Appellant
contends that trial counsel misled him in this respect.  If a defendant pleads guilty or nolo
contendere based upon erroneous advice or misinformation from his counsel, his
plea may not have been made voluntarily or knowingly.  Ex parte Battle, 817 S.W.2d 81, 83 (Tex.Cr.App.1991).  When a defendant enters a plea of guilty or
nolo contendere based upon the advice of counsel but subsequently challenges
the voluntariness of that plea based upon ineffective assistance of counsel, an
appellate court must determine (1) whether counsel=s advice was within the range of competence
demanded of attorneys in criminal cases and, if not, (2) whether there is a
reasonable probability that, but for counsel=s errors, the defendant would not have pleaded guilty and would have
insisted on going to trial.  Hill v.
Lockhart, 474 U.S. 52 (1985); Ex parte Morrow, 952 S.W.2d 530, 536
(Tex.Cr.App.1997), cert. den=d, 525 U.S. 810 (1998).  

Appellant
testified at the hearing on the motion for new trial that he understood 20
years confinement would be the maximum term of confinement that he would
receive.  However,  other testimony indicates that appellant=s understanding was not based upon erroneous
advice or misinformation.  Appellant
testified that his attorney explained the State=s recommendation of 20 years and told appellant that the trial court Awould probably not go over the
recommendation.@ 
Trial counsel testified that he made it clear to appellant that the
trial court was not required to follow the State=s recommendation, that there was no agreement with the State, that the
full range of punishment was available to the trial court, and that there was
no way of knowing what the trial court would do.  Trial counsel admitted that he Amay have said to him I didn=t think that there would be any reason for the Court to go higher than
the State=s recommendation....But I didn=t say the Court couldn=t go higher.@ 








We hold
that trial counsel did not render ineffective assistance by giving appellant
his professional opinion about what the trial court Awould probably@ do with respect to punishment, even though that opinion turned out to
be inaccurate and appellant=s sentence was greater than expected. 
See Flores v. State, 18 S.W.3d 796, 800 (Tex.App. - Austin 2000, no pet=n); Messer v. State, 757 S.W.2d 820 (Tex.App.
- Houston [1st Dist.] 1988, pet=n ref=d). 
Because appellant has not shown that ineffective assistance of counsel
rendered his pleas involuntary, we overrule appellant=s second point of error in each case.  

The
judgments of the trial court are affirmed. 


 

PER
CURIAM

 

April 3, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b). 

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.