Opinion issued June 19, 2003











In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-03-00420-CR

 01-03-00421-CR

____________


OTIRO SALOMON GARZA, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 155th District Court

Waller County, Texas

Trial Court Cause Nos. 10496 and 10432






MEMORANDUM OPINION

 We are without jurisdiction to entertain these appeals. Appellant pleaded
guilty to failure to appear and to possession of marihuana. In accordance with plea
bargain agreements, he was sentenced to confinement in the penitentiary for two
years for failure to appear, and to confinement in state jail for one year for possession
of marihuana. The sentences were imposed July 18, 2002.

 A timely motion for new trial was filed on Monday, August 19, 2002. This
motion was apparently overruled by operation of law on October 1, 2002, the
seventh-fifth day after sentencing. See Tex. R. App. P. 21.8. First and second
amended motions for new trial were filed on October 15, 2002 and November 1,
2002, respectively. These amended motions were untimely because they were filed
more than 30 days following the imposition of sentence. See Dugard v. State, 688
S.W.2d 524, 530 (Tex. Crim. App. 1985), overruled on other grounds, Williams v.
State, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989); Flores v. State, 18 S.W.3d 796,
798 (Tex. App.--Austin 2000, no pet.); Tex. R. App. P. 21.4(b).

 The deadline for filing notice of appeal was extended from 30 days to 90
days from the date of sentencing because the original motion for new trial was timely. 
See Tex. R. App. P. 26.2(a)(2). The ninetieth day after imposition of sentence was
October 16, 2002. Notice of appeal was filed on April 15, 2003, six months after the
deadline.

 On April 1, 2003, the trial judge signed a nunc pro tunc order granting
appellant permission to appeal. This order would have permitted appeals from these
plea-bargained cases if the notices of appeal had been timely filed. However, such
was not the case.

 We therefore dismiss the appeals for lack of jurisdiction. Slaton v. State,
981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996).

PER CURIAM

Panel consists of Justices Hedges, Nuchia, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).