# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00399-CR

**Javier Granados aka Jose Javier Granados aka Jose Javier Granados Anaya, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 03-758-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Javier Granados appeals his felony conviction for the offense of aggravated sexual assault. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2004-05). The jury assessed punishment at 99 years' imprisonment. In two points of error, he complains that the district court erred in excluding evidence of the complainant's prior conviction and in denying appellant's motion for new trial on the ground of ineffective assistance of counsel without an evidentiary hearing. For the reasons that follow, we affirm the conviction.

The testimony at trial revealed that on the evening of June 28, 2003, the complainant went to a night club. Appellant, whom she had met before through her mother, bought her drinks and they danced. At closing time at approximately 2:00 a.m., appellant asked her to go out for breakfast. The complainant agreed and they left in appellant's car. As appellant began to drive north

on Interstate 35 from South Austin, he instructed appellant to place her sexual organ on him. Appellant continued making sexual remarks to her as he drove on dark and unfamiliar streets in Williamson County. He turned onto a dirt road, pulled into a junkyard, and ordered her out of the car. As she exited the car, she observed appellant pointing a gun at her. Over the next several minutes, the record reflects that appellant sexually assaulted the complainant. He then instructed her to get back inside the vehicle and told her he was going to have sex with her "all night." Before she got back into the car, she dropped an earring and a tissue for others to find "just in case something happened to me."

As appellant drove out of the junkyard, he stopped abruptly and exited the vehicle. After appellant left the vehicle, the complainant grabbed a cell phone she found in the car, removed her sandals, and ran. She dialed 911 to report the sexual assault but was uncertain whether the call went through. She ran toward a house with a light on, banged on the door, and yelled at the occupants to let her inside. The occupants helped her call the police, and she reported that "I just got raped."

When the police arrived at the scene, they searched the location identified by the complainant and recovered her earring and sandals. They arrested appellant asleep at his residence in Leander, recovering a box of ammunition from his bedroom. At trial, an officer testified that the ammunition recovered from his home was consistent with the small caliber handgun the complainant described appellant had carried.

When questioned by the police, appellant denied knowing the complainant or her mother or having any contact with complainant on the days at issue. A criminalist with the Texas

2

Department of Public Safety testified that a sexual assault exam conducted on the complainant yielded a high probability that the DNA found in the semen retrieved from her body was that of appellant. At trial, appellant testified to having sexual intercourse with complainant in the junkyard on the early morning in question but claimed the encounter was consensual and that he paid her $100 for sex. He testified that she demanded an additional fifty dollars, which he refused to pay. He denied displaying a gun or threatening the complainant.

At trial, appellant sought to introduce evidence of a prior felony conviction for which complainant had been convicted in 1991. She had been convicted of the felony offense of tampering with a governmental record for which she was sentenced to ten years' probation and discharged in 2001. Appellant's counsel sought to "impeach her by the proof of the felony conviction, and I want to impeach her testimony that she's never testified in Court before by the fact that she almost certainly testified when she pled guilty on that charge in 1991." The district court denied appellant's request to introduce evidence of the prior conviction pursuant to Texas Rule of Criminal Evidence 609(c)(2). *See* Tex. R. Evid. 609(c)(2).

In his first point of error, appellant urges that he was denied his sixth amendment right to confrontation by the exclusion of complainant's prior conviction. He contends that he "does not here question the trial court's interpretation of rule 609," but that his constitutional right of confrontation should prevail over rule 609 because the complainant's credibility is the central issue. Appellant made no objection to the exclusion of the conviction based on his constitutional rights of confrontation being violated. In order to preserve error for appellate review, there must be a timely, specific trial objection. *See* Tex. R. App. P. 33.1; *DeBlanc v. State*, 799 S.W.2d 701, 718 (Tex.

Crim. App. 1990). Even constitutional error may be waived by the failure to object. *See Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990). Moreover, this is not the trial objection presented. The complaint on appeal must comport with the trial objection or nothing is presented for review. *See Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). The impeachment objection did not preserve error on a confrontation claim. *See Ex parte Crispen*, 777 S.W.2d 103, 105 (Tex. Crim. App. 1989). We overrule appellant's first point of error.

In his second point of error, appellant claims that the district court abused its discretion in denying appellant's motion for new trial on the ground of ineffective assistance of counsel without conducting an evidentiary hearing. We review the district court's refusal to hold an evidentiary hearing on a motion for new trial for an abuse of discretion. *See Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); *Flores v. State*, 18 S.W.3d 796, 798 (Tex. App.—Austin 2000, no pet.). A trial court abuses its discretion in denying a hearing on a timely filed motion for new trial if the motion raises a matter outside the record upon which relief could be granted. *See Reyes*, 849 S.W.2d at 816.

Appellant filed a motion for new trial alleging that trial counsel failed to conduct any investigation of this case and appellant was therefore deprived of the effective assistance of counsel. Counsel averred in the affidavit accompanying the motion for new trial:

> Had trial counsel conducted a proper investigation in this case, he would have discovered the following witnesses who knew the defendant and would have testified on his behalf at trial, to wit: [eight names are listed]. These witnesses would have testified that they have known the defendant for a substantial period of time, that they had never known the defendant to own a pistol, that the defendant has a good reputation for being a non-violent person, and that the defendant has a good reputation for truth and veracity. In addition, [F.C.] would have testified that he has

4

known the defendant for 10 years, that the defendant was employed by Mr. [C], and that the defendant was a good and honest worker, came to work every day and on time. These witnesses would have, at least, had a significant impact on the issue of punishment at trial.

Several of the above named witnesses would also have testified that they are familiar with the complainant in this case and that she has a bad reputation for truth and veracity. This testimony would have had a significant impact on the complainant's credibility at trial.

The motion does not specify the facts to which each witness would have testified or whether they were available to testify on the date of trial. The court denied the motion.

A defendant's right to an evidentiary hearing on a motion for new trial is not an absolute right, and we will not reverse a court's decision to deny a hearing absent a clear abuse of discretion. *See id.* at 815-16; *Mallet v. State*, 9 S.W.3d 856, 867-68 (Tex. App.—Fort Worth 2000, no pet.). It is not an abuse of discretion to refuse to hold a hearing on a motion for new trial that is not properly supported by affidavit evidence showing reasonable and specific grounds entitling the defendant to a new trial. *See Jordan v. State*, 883 S.W.2d 664, 665 (Tex. 1994); *Mallet*, 9 S.W.3d at 868.

Appellant's motion does not set forth reasonable and non-conclusory grounds showing he was entitled to relief. Most of the affidavit appears to address the issue of punishment. Appellant's motion makes conclusory statements that he received ineffective assistance but does not evidence personal knowledge of the facts upon which appellant intended to rely in obtaining relief. *See Reyes*, 849 S.W.2d at 816. We cannot say the district court abused its discretion in overruling the motion. We conclude that the district court did not err in failing to hold a hearing on appellant's motion for new trial. We overrule appellant's second point of error.

Because appellant failed to preserve error with regard to the admission of the complainant's prior conviction and the district court did not err in failing to hold a hearing on appellant's motion for new trial, we overrule his points of error and affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:  July 6, 2005

Do Not Publish