Affirmed and Memorandum Opinion filed August 16, 2005









Affirmed and Memorandum Opinion filed August 16, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00415-CR

____________

 

BILLY
FRANCES DRYDEN, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

______________________________________________________________

 

On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 952,941

______________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant, Billy Frances Dryden,
challenges his conviction for indecency with a child. In his sole point of
error on appeal, appellant alleges the trial court erred in refusing to grant a
hearing on his motion for new trial.  We
affirm.








Appellant was charged by
indictment with indecency with a child. 
On June 24, 2003, he entered a plea of guilty pursuant to a plea
agreement with the State.  The trial
court signed an order deferring adjudication of guilt, placing appellant on community
supervision for six years and assessing a $600 fine.

On December 8, 2004, the State
filed a motion to adjudicate appellant=s guilt,
alleging appellant had twice violated the terms of his community supervision by
going on or within 300 feet of a place where children commonly gather,
specifically Pasadena Memorial High School Football Stadium, on or about
October 10 and October 17, 2003. 
Appellant entered a plea of not true to the State=s
motion.  At a hearing on the motion to
adjudicate, Pasadena Independent School District (APISD@) Police
Officer David Garza testified that he saw appellant, whom he had known since
childhood, at a PISD football game at Pasadena Memorial High School Football
Stadium in October 2003.  Officer Garza
testified that football games are played there in the afternoons and evenings
on Thursdays, Fridays, and Saturdays during football season.  Officer Garza=s
timesheet reflected that he had worked football games at the stadium on October
10, 11, 24, and 25 of that year.  Officer
Garza further testified that he could not remember the exact date he saw
appellant at a football game or whether he saw appellant at a game on a
Thursday, Friday, or Saturday.  Several
defense witnesses testified that appellant was in Mississippi from October 9
through October 19 on a travel permit issued by the trial judge.  The trial judge noted that it was undisputed
that appellant was in Mississippi on those days.  Appellant testified that he was not at the
football stadium in October 2003 and had not attended a game there since 2001.

The trial court found that
appellant had violated the terms of his community supervision as alleged in the
State=s
motion.  The trial court found appellant
guilty and assessed punishment at eight years=
confinement in the Texas Department of Criminal Justice, Institutional
Division.  Appellant filed a motion for
new trial, which the trial court denied without holding a hearing.








In his
sole point of error on appeal, appellant contends the trial court erred in
refusing to grant an evidentiary hearing on his motion for new trial because
new evidence was introduced that was not adduced at the hearing on the State=s motion
to adjudicate guilt.  Appellant=s motion
for new trial alleged the trial judge intimated in trial counsel=s
presence that because of the Aon or
about@ language
in the State=s motion to adjudicate guilt, she
would find the State=s
allegations true even if the defense witnesses testified that appellant was
out-of-state on October 10 and 17. 
Therefore, appellant argued, the trial court was neither neutral or
detached and was biased against appellant. 
On appeal, appellant argues the motion and the attached affidavit give
rise to facts not determinable from the record, and therefore, appellant was
entitled to a hearing to determine the trial court=s alleged
bias.

The right to a hearing on a motion
for new trial is not an absolute right.  See, e.g., Reyes v. State, 849
S.W.2d 812, 815 (Tex. Crim. App. 1993); Moore v. State,
4 S.W.3d 269, 278 (Tex. App.CHouston
[14th Dist.] 1999, no pet.).  We review a
trial court=s refusal to hold an evidentiary
hearing on a motion for new trial under an abuse-of-discretion standard.  Reyes, 849 S.W.2d at 816.  When a defendant presents a motion for new
trial that raises matters not determinable from the record upon which the
defendant could be entitled to relief, the trial judge abuses his discretion by
failing to hold a hearing.  Id.  As a prerequisite to obtaining a hearing, a
motion for new trial must be supported by an affidavit specifically showing the
truth of the grounds alleged as a basis for a new trial.  Daniels v. State, 63 S.W.3d 67, 70
(Tex. App.CHouston [14th Dist.] 2001, pet.
ref=d).  The affidavit must be made by someone with
knowledge of the facts, and the affidavit must show reasonable grounds exist
for granting a new trial.  Reyes,
849 S.W.2d at 816; Flores v. State, 18 S.W.3d 796, 798 (Tex. App.CAustin
2000, no pet.).  An affidavit that is
conclusory or that is unsupported by facts is not sufficient to put the trial
court on notice that reasonable grounds for relief exist.  Buerger v. State, 60 S.W.3d 358, 363
(Tex. App.CHouston [14th Dist.] 2001, pet.
ref=d).








In support of his motion,
appellant attached an affidavit by his appellate counsel in which she stated
that trial counsel told her that the trial court intimated in trial counsel=s
presence that defense evidence that could place appellant at other places on
several weekends in October would be moot because Officer Garza had already
testified he could not recall which weekend in October he saw appellant at the
football game.  According to appellate
counsel, trial counsel was of the opinion that the trial court had already
reached a decision before appellant was able to present his defense evidence.

We conclude the trial court did
not abuse its discretion in denying appellant=s request
for an evidentiary hearing on his motion for new trial.  First, appellant=s motion
was not supported by an affidavit from someone with knowledge of the
facts.  See Flores, 18 S.W.3d at
798.  Appellate counsel=s
affidavit referred to an intimation by the trial court in trial counsel=s
presence that led trial counsel to believe the trial court had reached a
decision before the defense presented its first witness.  There is no indication that appellate counsel
had personal knowledge of the trial court=s alleged
intimation.  In addition, appellate
counsel=s
affidavit is conclusory and is insufficient to put the trial court on notice
that reasonable grounds for relief existed. 
See Buerger, 60 S.W.3d at 363. 
Trial counsel interpreted the trial judge=s
statement as to the evidentiary problems of the case to imply that the trial
court had already made up its mind to find the allegation true before the
defense evidence was concluded.  Based on
these statements by trial counsel, appellate counsel reached the conclusion
that the hearing on the state=s motion
to adjudicate guilt was neither neutral or unbiased.  Trial counsel did not state in her affidavit
how or why the trial judge=s alleged
intimation led trial counsel to believe that the trial court had reached a
decision of appellant=s guilt
before he was able to present his defense evidence.








Because the affidavit attached to
appellant=s motion for new trial was not
made by someone with knowledge of the facts and was conclusory, we conclude
that the trial court did not abuse its discretion in failing to hold a hearing
on the motion.  Therefore, we overrule
appellant=s sole issue on appeal.  Accordingly, we affirm the trial court=s
judgment.

 

/s/        Leslie Brock Yates

Justice

 

Judgment rendered and Memorandum Opinion filed August 16, 2005.

Panel consists of Chief Justice Hedges and Justices Yates and Fowler.

Do Not Publish C Tex. R. App. P. 47.2(b).