NO. 07-05-0242-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 13, 2006


______________________________



VINCENT GENE SMITH, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;



NO. 0887758D; HON. JAMES R. WILSON, PRESIDING


_______________________________



Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Vincent Gene Smith appeals his conviction for aggravated sexual assault of a child. 
The conviction was based on his open plea of guilty and his judicial admission to the
veracity of the allegations in the indictment. He was sentenced to 45 years imprisonment. 
His sole issue involves the effectiveness of his trial counsel. The latter was purportedly
ineffective because he allowed appellant to plead guilty even though he (counsel) thought
appellant not guilty of the charged offense. Nowhere in his brief does appellant contest his
guilt. Nor does he cite us to admissible evidence of his innocence. Similarly absent is
argument suggesting that appellant was not advised by counsel of his (appellant's) options
or the strength or weakness of the evidence indicating guilt. Again, appellant simply posits
that an attorney who may subjectively believe that his client is not guilty of the charged
offense fails to provide reasonable representation if the client nonetheless decides to plead
guilty after conversing with his attorney. We overrule the issue.

 Though appellant cited to various authorities throughout his brief, none addressed
the specific contention before us. This may be so because it is well recognized that
attorneys have the duty to "exercise independent professional judgment and render candid
advice." Tex. Disciplinary R. Prof'l Conduct 2.01, reprinted in Tex. Gov't Code Ann.,
tit. 2, subtit.G app. A (Vernon 2005) (Tex. State Bar R. art. X, §9). So too must he
provide his client "straightforward advice expressing [his] honest assessment." Id. cmt 1. 
And, while such "advice often involves unpleasant facts and alternatives that a client may
be disinclined to confront," he remains obligated to provide it. Id. 

 Simply put, an attorney is an advisor whose duty it is to foster his client's ability to
arrive at informed decisions. And, this is no less true than in a criminal proceeding. No
one can deny that in such a setting, counsel must represent his client irrespective of his
personal views regarding the accused's guilt. Gomez v. State, 704 S.W.2d 770, 771-72
(Tex. Crim. App. 1985). Nor can it be denied that when discussing the nature of an
accused's plea, counsel's duty is restricted to advising his client since the decision to plea
is actually that of the client. Ex parte Wilson, 724 S.W.2d 72, 73-74 (Tex. Crim. App.
1987). With this said, we turn to the record before us.

 While counsel said that he did not believe appellant to be guilty of aggravated
sexual assault of a child, he also opined that the jury looked "grim." So too were both he
and appellant taken aback when the victim appeared at trial to testify. They had not
expected that. Thereafter, they discussed the circumstances, and counsel opined that he
believed if appellant pled guilty and sentencing was left to the trial judge, then appellant
would have a greater likelihood of being placed on community supervision. So too did he
tell appellant that the trial court also had the option of assessing punishment anywhere
from five to 99 years imprisonment. After this discussion, appellant signed the judicial
confession admitting to his commission of the crime, pled guilty, and told the trial court that
his plea was uninfluenced by "any hope or promise of reward" or by "fear" or "persuasion." 
He also admitted that his plea was freely and voluntarily given and that he was satisfied
with his counsel's representation. Given this, we cannot say that trial counsel was
ineffective simply because he allowed appellant to decide whether to plead guilty while
harboring doubts as to appellant's actual guilt. (1)

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn 

 Chief Justice

Publish.
1. To the extent that appellant may also be arguing that his counsel was ineffective because he did not
receive community supervision, we cite Flores v. State, 18 S.W.3d 796 (Tex. App.-Austin 2000, no pet.). 
There we are told that counsel is not ineffective simply because he advised the defendant to plead guilty under
the expectation that the court would either probate the sentence or impose a lighter sentence than that
imposed. Id. at 800.



l">Do not publish. 







 
1. In her brief and in oral submissions, appellant contends that the revocation hearing
was called and heard at the same time as the manufacture and possession charges. 
However, the record reflects that the revocation was not called until April 7th. Further, it
is clear that, regardless of when the revocation proceeding commenced, the trial court had
not ruled on the revocation prior to April 7th. 
2. Appellant's motion for new trial is not contained in the appellate record. At oral
submissions, appellant contended that the motion applied to the revocation as well as the
manufacture/possession charges. For purposes of this opinion, we will assume this to be
true.
3. Of course, appellant's trial counsel's acknowledgment that the trial court had
overruled the motion for new trial belies appellant's appellate counsel's contention that the
motion for new trial applied to both the manufacture/possession conviction and the
judgment revoking appellant's community supervision.
4. This court has previously addressed appellant's motion for new trial in the context
of the manufacture/possession conviction concluding that the trial court did not abuse its
discretion in denying appellant's motion. See Young v. State, No. 07-04-0230-CR, 2005
Tex.App. LEXIS 4383 (Tex.App.-Amarillo June 8, 2005, no pet. h.).