NO. 07-05-0242-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 13, 2006
_____

VINCENT GENE SMITH,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;

NO. 0887758D; HON. JAMES R. WILSON, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Vincent Gene Smith appeals his conviction for aggravated sexual assault of a child. The conviction was based on his open plea of guilty and his judicial admission to the veracity of the allegations in the indictment. He was sentenced to 45 years imprisonment. His sole issue involves the effectiveness of his trial counsel. The latter was purportedly ineffective because he allowed appellant to plead guilty even though he (counsel) thought appellant not guilty of the charged offense. Nowhere in his brief does appellant contest his

guilt.  Nor does he cite us to admissible evidence of his innocence.  Similarly absent is argument suggesting that appellant was not advised by counsel of his (appellant's) options or the strength or weakness of the evidence indicating guilt.  Again, appellant simply posits that an attorney who may subjectively believe that his client is not guilty of the charged offense fails to provide reasonable representation if the client nonetheless decides to plead guilty after conversing with his attorney.  We overrule the issue.

Though appellant cited to various authorities throughout his brief, none addressed the specific contention before us.  This may be so because it is well recognized that attorneys have the duty to "exercise independent professional judgment and render candid advice."  TEX. DISCIPLINARY R. PROF'L CONDUCT 2.01, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit.G  app. A (Vernon 2005) (TEX. STATE BAR R. art. X, §9).  So too must he provide his client "straightforward advice expressing  [his] honest assessment."  *Id.* cmt 1.  And, while such "advice often involves unpleasant facts and alternatives that a client may be disinclined to confront," he remains obligated to provide it.  *Id.*

Simply put, an attorney is an advisor whose duty it is to foster his client's ability to arrive at informed decisions.  And, this is no less true than in a criminal proceeding.  No one can deny that in such a setting, counsel must represent his client  irrespective of his personal views regarding the accused's guilt.  *Gomez v. State*, 704 S.W.2d 770, 771-72 (Tex. Crim. App. 1985).  Nor can it be denied that when discussing the nature of an accused's plea, counsel's duty is restricted to advising his client since the decision to plea is actually that of the client.  *Ex parte Wilson*, 724 S.W.2d 72, 73-74 (Tex. Crim. App. 1987).  With this said, we turn to the record before us.

2

While counsel said that he did not believe appellant to be guilty of aggravated sexual assault of a child, he also opined that the jury looked "grim." So too were both he and appellant taken aback when the victim appeared at trial to testify. They had not expected that. Thereafter, they discussed the circumstances, and counsel opined that he believed if appellant pled guilty and sentencing was left to the trial judge, then appellant would have a greater likelihood of being placed on community supervision. So too did he tell appellant that the trial court also had the option of assessing punishment anywhere from five to 99 years imprisonment. After this discussion, appellant signed the judicial confession admitting to his commission of the crime, pled guilty, and told the trial court that his plea was uninfluenced by "any hope or promise of reward" or by "fear" or "persuasion." He also admitted that his plea was freely and voluntarily given and that he was satisfied with his counsel's representation. Given this, we cannot say that trial counsel was ineffective simply because he allowed appellant to decide whether to plead guilty while harboring doubts as to appellant's actual guilt.[1]

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

Publish.

---

[1] To the extent that appellant may also be arguing that his counsel was ineffective because he did not receive community supervision, we cite *Flores v. State*, 18 S.W.3d 796 (Tex. App.–Austin 2000, no pet.). There we are told that counsel is not ineffective simply because he advised the defendant to plead guilty under the expectation that the court would either probate the sentence or impose a lighter sentence than that imposed. *Id.* at 800.