

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00110-CR

_____

IN RE ISAIAH SCOTT BOONES

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Isaiah Scott Boones has petitioned this Court for mandamus relief, seeking to have this Court direct the trial court to conduct a hearing and rule upon Boones' motion for a free copy of the clerk's and reporter's records from Boones' trial.[1]  We find mandamus relief is not available to Boones and deny his request.

Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion or violation of a duty imposed by law when no other adequate remedy at law is available.  *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding).  The standard for mandamus relief articulated by the Texas Court of Criminal Appeals requires the relator to establish that:  (1) there is no adequate remedy at law to redress the alleged harm; and (2) only a ministerial act, not a discretionary or judicial decision, is being sought.  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Due to the nature of this remedy, it is Boones' burden to properly request and show entitlement to mandamus relief.  *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

---

[1]This Court affirmed Boones' conviction for aggravated assault with a deadly weapon, wherein Boones was sentenced to eighty years' imprisonment.  *Boones v. State*, 170 S.W.3d 653 (Tex. App.—Texarkana 2005, no pet.).  There is no indication from Boones' filing whether he has attempted to contact his attorney for a copy of his records.

Boones filed a motion in the trial court seeking a free copy of the clerk's and reporter's records. He later filed a motion requesting a hearing and ruling on the motion for a free record. The trial court signed an order denying Boones' request. Specifically, the order stated:

> On June 28, 2010, came on to be considered Isaiah Scott Boones's Motion for a Hearing and a Ruling on Movant's pro se motion for Free Clerk's Records and Transcripts of Movant's Trial, relying on Texas Open Records Act Government Code Chapter 522 Public Information ACT and said motion is hereby . . . (Denied).[2]

Notwithstanding the entry of this order, on October 12, 2010, Boones once again filed a motion requesting a hearing and a ruling on his request for free clerk's and reporter's records of his trial. On January 26, 2011, an order identical to that quoted above was signed by the trial court, again denying Boones' request.[3] It is this second denial which prompted Boones to file his petition for writ of mandamus with this Court.

Boones' request for copies of his trial records were made to the trial court citing Government Code § 552.023. TEX. GOV'T CODE ANN. § 552.023 (Vernon 2004). We neither independently find anything in that statute, nor has Boones pointed us to any part of that law which would mandate that a trial court hold a hearing on such a motion.[4] Absent such a requirement, the

---

[2]Based on the form and typeset of this order, as well as other documents filed by Boones, it appears this proposed order was prepared by Boones and attached to his motion for a hearing.

[3]The order states the motion came to be heard on January 26, 2010, but the file mark indicates it was filed January 27, 2011.

[4]We compare this situation with those presented by other statutes. For example, in an application for post-conviction habeas corpus relief, a trial court may conduct an evidentiary hearing or simply compile evidence through written documents and other means. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(d) (Vernon Supp. 2010). A trial court

trial court's decision whether to conduct a hearing on Boones' motion for a free record lay within the trial court's discretion. In other words, Boones has not demonstrated a ministerial duty by the trial court which that court failed to perform. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

Although his request for mandamus relief is made conjunctively, a liberal reading of Boones' petition could conclude he has also asked this Court to compel the trial court to rule on Boones' motion for a free copy of his trial record. The trial court's order[5] of denial could be construed in more than one way. It could be taken to mean the trial court denied only Boones' request for a hearing; alternatively, it could be taken as both a denial of the requested hearing and a denial of the motion for a free record. If taken to be a denial of Boones' motion for a free record, we do not find from the record before us that the trial court failed to perform a ministerial duty.

Boones appealed the conviction from which he now seeks free records to this Court in 2004, and the records of that appeal reveal that he was then represented by appointed counsel. From this fact, we can infer he was declared indigent at the time of his appeal. As an indigent, he

---

is not required to hold a hearing before dismissing a claim filed under Chapter 14 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c) (Vernon 2002). However, in some situations a hearing must be held. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (trial court abused discretion by not holding hearing and reaching decision in products liability suit on discovery issue; hearing required to address claims of trade secrets under TEX. R. CIV. P. 76a(4)); *Chiles v. Schuble*, 788 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (mandamus appropriate to compel trial court to hold hearing and exercise discretion on whether to enforce post-divorce support order; without hearing, relator precluded from developing record); *see also Flores v. State*, 18 S.W.3d 796, 798 (Tex. App.—Austin 2000, no pet.) (trial court decision not to conduct hearing on motion for new trial reviewed for abuse of discretion).

[5]Although two orders were signed by the trial court, as explained above, they were identical and so we will refer to them in the singular for this discussion.

4

would have been entitled to a free copy of the clerk's and reporter's records at that time.  *See* TEX. GOV'T CODE ANN. § 52.047 (Vernon Supp. 2010); TEX. R. APP. P. 20.2.  Based on the analysis conducted in our 2005 opinion reviewing Boones' conviction, it is clear that a record was prepared; under the rules and law in place at that time, Boones or his counsel would have received free copies of the very records he now seeks to be provided.  Whether to provide an additional copy of that record to Boones now would be a matter of discretion for the trial court.  Since it is within the trial court's discretion, it is not a matter subject to mandamus relief.

We deny Boones' petition.


Bailey C. Moseley
Justice

Date Submitted:    June 6, 2011
Date Decided:      June 7, 2011

Do Not Publish